Taylor v. Patton.

## TAYLOR v. PATTON ET AL.

[No. 19,883. Filed January 28, 1903.]

APPEALS.—*Jurisdiction.*—*Validity of Ordinance.*—Where on appeal the validity of an ordinance of a municipal corporation is involved, the jurisdiction, under §9 of act of March 12, 1901 (Acts 1901, p. 565), is in the Supreme Court. *p. 6.*

MUNICIPAL CORPORATIONS.—*Street Improvement.*—*Validity of Ordinance.* —A statute providing that the common council of a city may order a street to be "graded and paved," gives no authority to such council to enact an ordinance for the grading of a street without paving. *pp. 6-8.*

SAME.—*Assessments for Street Improvements.*—*Collection.*—*Estoppel.*—An abutting landowner who has full knowledge that persons are in good faith acting upon the assumption that the proceedings in which a special assessment for a street improvement may be made are valid, and stands by without objection till large sums of money are expended upon it, is estopped to deny the authority by which the improvement is made; but, in an action to enforce the collection of the assessment for such improvement, the facts constituting the estoppel must be fully and distinctly pleaded. *pp. 8-10.*

ESTOPPEL.—*Presumption.*—Where there is ground for inference or intendment, it will be against the estoppel, and not in its favor. *p. 10.*

From Montgomery Circuit Court; *Jere West,* Judge.

Taylor *v.* Patton.

Suit by Edward Patton against Annie E. Taylor and others. From a judgment for plaintiff, Annie E. Taylor appeals. *Reversed.*

*H. H. Ristine, T. H. Ristine* and *Harold Taylor,* for appellant.

*W. H. Johnston, Charles Johnston, M. W. Bruner, Louis McManis, Whittington & Whittington, Benjamin Crane* and *A. B. Anderson,* for appellee.

DOWLING, J.—Action to enforce the collection of an assessment for a street improvement. Complaint in two paragraphs. Demurrer to each paragraph overruled. Answer in one paragraph by Annie E. Taylor, and in two by her co-appellant Harold Taylor. Demurrers to answer of Mrs. Taylor and to second paragraph of answer of Harold Taylor sustained. Trial by court, and judgment for appellees.

Errors are assigned on the rulings on the demurrers, and all present, substantially, the same question.

The complaint contains the usual averments, and thus describes the improvement ordered to be made: "That on June 14, 1900, the common council of the city of Crawfordsville, by a two-thirds vote of all its members, adopted a resolution to grade the roadway and sidewalk, and to construct open gutters along the sides of the roadway, in accordance with profile and specifications on file, * * * the cost of which was to be assessed upon the abutting property." The street so to be graded was one of the public streets of the city of Crawfordsville, and the property of Mrs. Taylor abutted on the portion of said street ordered to be improved.

The objection taken to the complaint is that the resolution of the common council directing the improvement of the street was void, for the reason that it provided for the grading of the street only, and not for grading and paving it, as required by the statute authorizing such improvements.

Taylor v. Patton.

As there is in question upon this appeal, and duly presented, the validity of an ordinance of a municipal corporation, the jurisdiction of the cause is properly in this court under specification one of §9 of the act of March 12, 1901 (Acts 1901, p. 565, §1337i Burns 1901).

The proceedings of the common council of the city of Crawfordsville in this matter were based upon §§4288, 4292 Burns 1901 (Acts 1889, p. 237, §§1, 5), which read as follows: "4288. That when the owners of two-thirds of the whole line of lots or parts of lots in any city or incorporated town (and measuring only the front line of such lots as belong to such persons resident in such city or town) bordering on any street or alley consisting of one whole square between any two streets crossing the same, or if the common council of such city, or the board of trustees of such town, deem it expedient for any reasonable distance less than one whole square or block upon any square or alley, shall petition the common council of such city or board of trustees of such town to have the sidewalk graded and paved, or the whole width of the street graded and paved, or for either kind of improvement, or for lighting such street according to the general plan of improvements in said city or incorporated town, or for constructing a sewer, the common council of such city or the board of trustees of such town may cause the same to be done by contract, given to the best bidder." "4292. The common council of such city * * * with the concurrence of two-thirds of the members thereof, may order or cause any or all of the improvements mentioned in the first section of this act, * * * to be made in like manner, without such petition."

The question presented is one of statutory construction, and in this State, at least, the case seems to be without precedent. The legislature having enacted a statute upon the subject of the improvement of streets in cities, the power of the common council to cause such improvements to be

made, and to charge the cost thereof upon the abutting property, must be sought in the statute; and if the improvement is required to be of a particular kind or to a given extent, it follows that the common council, when proceeding under the statute, cannot order an improvement of a different kind or to a greater or less extent than may have been authorized by the statute. It is evident that two distinct kinds of improvement are contemplated by §4288, *supra,*— one consisting of the grading and paving of the sidewalks alone, and the other, of the grading and paving of the whole width of the street. The common council of a city organized under the general law for the incorporation of cities, as was the city of Crawfordsville, might, in its discretion, adopt either of these methods. But we do not think it could authorize an improvement not mentioned in the statute, and charge the abutting property with the expense of making it. The act before us, as we have seen, expressly declares that the common council may cause "the whole width of the street to be graded and paved." We cannot alter the language of the statute so as to make it read "graded or paved." Jessel, M. R., in *Morgan* v. *Thomas,* 51 L. J. Q. B. D. 556, L. R., 9 Q. B. D., 643; *Armstrong* v. *Moran,* 1 Brad. (N. Y.) 314; *Buck* v. *Danzenbacker,* 37 N. J. L. 359.

We can discover no good reason why "or" should be substituted for "and" in this act, nor has any been suggested to us. To grade and pave is to make a completed improvement, and is something entirely different from the mere reduction of the natural inequalities of the surface of the ground to a uniform and artificial grade. The statute provides for such complete improvement, and its terms exclude a partial one by grading only. We can easily presume that the legislature had sufficient reasons for using the precise language it employed, thereby requiring the improvement to be made by both grading and paving. The mere graduation of a street might be of little or no benefit to the abutting

property. If a street should be graded and allowed to stand for a considerable time without further improvement, such grading might be so far impaired or injured by washing away, caving of banks, or the filling up of low levels, as to require the work to be done over. The cost of the full improvement might be seriously increased by separating the grading and paving, and doing the work by piecemeal. Or it might also happen that such partial improvements, with separate assessments for their cost, made in favor of different contractors at different times, would lead to a conflict of rights, and render the collection of assessments doubtful or impossible. The plain letter of the governing statute required that the improvement should be made by grading and paving. The power granted to the city was a special and limited one, and could be exercised only upon the terms on which it was conferred. We feel constrained to follow the language of the statute, instead of construing it, as we are asked by the appellees to do, in such manner as to defeat the plainly expressed legislative intention. §240 Burns 1901; *Massey* v. *Dunlap,* 146 Ind. 350, 357, 358; *Adams* v. *City of Shelbyville,* 154 Ind. 467, 49 L. R. A. 797, 77 Am. St. 484; *Keith* v. *Wilson,* 145 Ind. 149; *Burke* v. *Lukens,* 12 Ind. App. 648, 54 Am. St. 539; *Cleveland, etc., R. Co.* v. *Edward C. Jones Co.,* 20 Ind. App. 87; *Watson* v. *Passaic,* 46 N. J. L. 124; *Brown* v. *Mayor, etc.,* 3 Thomp. & C. 155; *City of Tacoma* v. *State,* 4 Wash. 64, 29 Pac. 847; *Hawthorn* v. *City of East Portland,* 13 Ore. 271, 274, 10 Pac. 342; *National, etc., Co.* v. *City of Kansas,* 20 Mo. App. 237, 242.

The appellees contend, however, that even if the ordinance directing the improvement was invalid, yet, as the contractors relied upon the record of the common council, and laid out money and performed labor for the benefit of the abutting property without objection on the part of the appellant, she is estopped to deny the validity of the proceedings. It is true, undoubtedly, that a landowner who

Taylor *v.* Patton.

has full knowledge that persons are, in good faith, acting upon the assumption that proceedings in which a special assessment for a public improvement may be made are valid, who stands by without objection until considerable sums of money are expended upon it, is estopped to deny the authority by which the improvements are made, or to defeat the assessment against his property for the benefits resulting to it. "And this," it is said, "is true, both where the proceedings for the improvement are attacked for irregularity, and where their validity is denied, but color of law exists for the proceedings." *Board, etc.,* v. *Plotner,* 149 Ind. 116, and cases cited; *Scudder* v. *Jones,* 134 Ind. 547; *DuPuy* v. *City of Wabash,* 133 Ind. 336; *City of Bloomington* v. *Phelps,* 149 Ind. 596; *Cluggish* v. *Koons,* 15 Ind. App. 599; Elliott, Roads & Sts. (2d ed.), §§589, 591. But, as the pleadings stand, while this is the rule, the appellees are not in a situation to take advantage of it. The ordinance which was the foundation of the proceedings for the improvement, and of the assessment against the land of the appellant, was void. This being so, it devolved upon the appellees, if they could, to show by proper averments in their complaint that, notwithstanding the invalidity of the ordinance, facts existed which entitled them to collect the assessment. In the absence of such averments, their complaint failed to state a good cause of action. The fact that the proceedings rested upon an invalid ordinance is apparent upon the face of the complaint. That pleading contains no allegation of the facts assumed by the appellees, that the appellant, with full knowledge that the appellees were acting under the ordinance, and expending money in the improvement of the street upon which her property abutted, stood by, without objection, and acquiesced in the transaction. There is no presumption of law that the appellant had such knowledge, or that she so acquiesced. The matter relied upon by the appellees even if sufficient— which we do not decide—is in the nature of an estoppel,

and, as such, the facts constituting it must be fully and distinctly pleaded so that the court may determine their sufficiency. Where there is ground for inference or intendment, it will be against the estoppel, and not in its favor. *Frain* v. *Burgett,* 152 Ind. 55; *Dudley* v. *Pigg,* 149 Ind. 363; *Center School Tp.* v. *State, ex rel.,* 150 Ind. 168.

The complaint failed to state facts sufficient to entitle the appellees to any relief, and the demurrers to it should have been sustained. As the complaint was bad, the other errors assigned need not be considered.

Judgment reversed, with instructions to sustain the demurrers to the complaint, and for further proceedings in accordance with this opinion.