## CITY OF EAST CHICAGO ET AL. v. INTERSTATE IRON AND STEEL COMPANY.

[No. 22,573. Filed December 29, 1914. Rehearing denied March 10, 1915.]

1. APPEAL.—*Validity of Municipal Resolution.—Jurisdiction.*—Jurisdiction of an appeal from a judgment in an action to enjoin a city from taking land for a street, in which the validity of a resolution or ordinance of the board of works is involved, is in the Supreme Court. p. 34.

2. APPEAL.—*Review.—Motion to Dismiss.*—A motion to dismiss an appeal because of a defective transcript and briefs will be overruled where, though defective, they are sufficient to fairly present a question for review. p. 35.

3. PLEADING.—*Complaint.—Demurrer.—Supplemental Complaint.*—Where, at the time of filing an original complaint, sufficient facts did not exist to entitle plaintiff to any relief, the matters

originally pleaded can not be aided by a supplemental plead-
ing, or by amending the complaint so as to embrace matters
that would be properly averred in a supplemental complaint,
hence the court can not consider such matters in determining
the sufficiency of such original complaint to repel a demurrer.
p. 35.

4. MUNICIPAL CORPORATIONS.—*Acquisition of Land for Streets.—
Conditions Precedent.—Statutes.*—In view of the provisions of
§8704 Burns 1914, Acts 1905 p. 219, §101, for an appeal to the
circuit court on the question of assessment or award in pro-
ceedings by municipal corporations for the appropriation of land
for streets, etc., the limitation placed upon the board of public
works by §8696 Burns 1908, Acts 1905 p. 219, §93, that when a
sum of more than $2,000 is required to be paid for condemna-
tion, etc., the same must be specifically authorized by ordinance,
and §8708 Burns 1914, Acts 1905 p. 219, §105, that no more than
$2,000 in damages shall be paid out of the city funds for any
condemnation except pursuant to an ordinance appropriating for
the specific condemnation, must be regarded as a condition sub-
sequent, so that an action to enjoin the appropriation of property
for a street on the theory that the damages will be more than
$2,000 and that no ordinance specifically authorizing the proceed-
ing had been passed, can not lie where the amount of damages
had not been finally determined by an appeal under §8704 Burns
1914.   p. 36.

From Porter Circuit Court; *A. D. Bartholomew,* Special
Judge.

Action by the Interstate Iron and Steel Company against
the City of East Chicago and others. From a judgment for
plaintiff, the defendants appeal. *Reversed.*

*B. D. L. Glazebrook, A. Ottenheimer* and *L. V. Cravens,*
for appellants.

*William J. Whinery* and *John B. Kennedy,* for appellee.

MORRIS, J.—Action by appellee, against appellants, to en-
join the taking of appellee's land for a city street. From a
judgment for appellee this appeal is prosecuted. It
1. involves the question of the validity of a resolution,
or ordinance, of the Board of Public Works of the
City of East Chicago, which invests this court with juris-
diction thereof. Subd. 1, §1392 Burns 1914, Acts 1907 p.
237; *Taylor* v. *Patton* (1903), 160 Ind. 4, 66 N. E. 91.

Appellee has filed a motion to dismiss the appeal, because (1) of alleged defects in the transcript, and (2) because, as alleged, appellants have so failed to comply with clause 5 of Rule 22 of this court that no question is presented for review. We are of the opinion that the transcript is not so defective as to warrant a dismissal. Appellants' brief is subject to just criticism, but it fairly presents for review the action of the trial court in overruling appellants' demurrer to the amended complaint, which ruling is assigned here as error. The motion to dismiss is overruled.

The amended complaint alleges that on April 15, 1912, the board adopted a declaratory resolution reciting that it is desired and deemed necessary to lay out and open a public highway over a described route that requires the condemnation of certain described land owned by appellee; that the resolution provided for notice of a hearing, etc., on May 13, 1912, and that such notice had been given; that appellee will be damaged by the proposed condemnation in the sum of $100,000, which must be paid from the municipal treasury before appellee's land can be taken; that by the provisions of subd. 1, §93, Acts 1909 p. 454, the board is without jurisdiction to condemn real estate where more than $2,000 must be paid from the city funds, unless the same is specifically authorized by ordinance of the common council; that no such ordinance has been passed, and consequently the board is without jurisdiction to condemn and the declaratory resolution is void. The original complaint was filed May 13, 1912. Long afterward, it was amended. Many supplemental facts are set out in the amended complaint in relation to proceedings had by the board of works after the commencement of this action, but in determining the sufficiency of the amended complaint to repel a demurrer for want of facts, we can not give consideration to such matters. If when appellee filed its original complaint, sufficient facts did not exist, to entitle it to any relief, the matters originally pleaded can not be aided by a supple-

mental pleading or by amending the complaint so as to embrace matters that would be properly averred in a supplemental complaint. *Patten* v. *Stewart* (1865), 24 Ind. 332, 343; 31 Cyc. 504.

Appellant, City of East Chicago, is a city of the fourth class and has a board of public works. Section 93 of the Municipal Corporations Act of 1905 (Acts 1905 p. 219, §8696 Burns 1908), as amended by Acts 1909 p. 454, §8, deals with the powers and duties of boards of public works, and provides that such boards shall have power, ''First. To condemn, rent or purchase any real estate or personal property needed by any such city for any public use, except when a different provision for purchase is made by this act: *Provided,* That when a sum of more than two thousand dollars is required to be paid for condemnation, rent or purchase of any real estate or personal property, the same shall not take place unless the condemnation, rent or purchase is specifically authorized by ordinance. * * * Fifth. To lay out, open, change, vacate, and to fix or change the grade of any street, alley, or public place within such city, and to design, order, contract for and execute the improvement or repair of any street, alley, wharf, or public place within such city.''

Section 97 of said act (Acts 1905 p. 219, §8700 Burns 1914), provides for the steps to be taken by the board of works in condemning real estate for laying out streets, etc. The following sections, §§98 and 99 (Acts 1905 p. 219, §§8701, 8702 Burns 1914), provide for the preparation of an assessment roll, and the assessment of benefits and damages caused by the proposed appropriation. Section 105 of the act (Acts 1905 p. 219, §8708 Burns 1914), provides that no more than $2,000 in damages shall be paid out of the city funds for any condemnation except pursuant to an ordinance appropriating for the specific condemnation.

Appellee's theory, in which the trial court evidently concurred, was that where the board contemplates the condemna-

tion of land worth more than $2,000, a precedent condition to any proceedings therefor is the enactment of an ordinance by the city council authorizing condemnation. We can not approve such construction of the statute. The act (Acts 1905 p. 219, §101, §8704 Burns 1914) provides for an appeal to the circuit or superior court on the question of assessment or award. On such appeal the amount of damages is finally determined, and until then it would be impossible to know whether a payment of more than $2,000 from the municipal treasury would be required. If after such appeal, it is ascertained that more than $2,000 must be paid from city funds, and the council then refuses to make any appropriation, the condemnation would fail. *Heinl* v. *City of Terre Haute* (1903), 161 Ind. 44, 54, 66 N. E. 450. The limitation on the power of the board is in the nature of a condition subsequent rather than precedent.

The court erred in overruling appellants' demurrer to the amended complaint. Judgment reversed with instructions to sustain the demurrer.

NOTE.—Reported in 107 N. E. 274. As to what is taking property for a public use, see 16 Am. St. 610. See, also, under (1) 11 Cyc. 817; (2) 3 Cyc. 139; 2 Cyc. 1013; (3) 31 Cyc. 464; (4) 15 Cyc. 987.