Filed April 4, 1884.

---

No. 10,637.

SMITH ET AL. *v.* COTTRELL.

MORTGAGE.—*Lis Pendens.*—*Notice.*—*New Trial as of Right.*—*Statute Construed.*—Where one brings ejectment and is defeated, and within the year allowed by statute takes a new trial upon which he recovers, a mortgagee with actual notice, who takes his mortgage after the first judgment and before the new trial is taken, is not protected by section 1066, R. S. 1881, as having acquired an interest in good faith.

From the Warrick Circuit Court.

*E. Gough* and *W. H. Patterson*, for appellants.
*C. W. Armstrong* and *J. B. Cockrum*, for appellee.

BICKNELL, C. C.—The appellee filed a complaint to fore-close a mortgage executed to him by the appellant Brand-sasse and his wife to secure the promissory note of Brandsasse. The appellant Smith was made a defendant to answer as to his interest.

Brandsasse was defaulted; the suit was abated as to his wife by her death. Smith answered, alleging that he, as owner of the land in dispute, brought an action of ejectment against Brandsasse, in which he was defeated; that after-wards Brandsasse and wife gave plaintiff the mortgage now in suit, which the plaintiff received with full knowledge of said ejectment suit; that within a year after the rendition of the judgment in the ejectment suit, this defendant took a new trial of that suit as of right, which resulted in favor of this defendant, and final judgment was rendered therein, qui-eting this defendant's title.

The plaintiff replied admitting all the facts alleged in said answer, and stating expressly that " he had actual notice of said ejectment suit," and stating also that the plaintiff, after the first trial of said ejectment suit, relying on said quieting of the title of Brandsasse, and supposing the controversy at an end between Smith and Brandsasse, lent the latter $200 and took therefor the mortgage in suit as security; that Smith took his new trial of the ejectment suit after the exe-cution of said mortgage, and after the close of the term at which the judgment in favor of Brandsasse was rendered, but within the year prescribed by the statute. The reply de-manded that the plaintiff's mortgage should be declared a superior lien to Smith's interest in the land.

To this reply the defendant Smith demurred. The de-murrer was overruled, and judgment was rendered against the defendants.

Smith assigns as error the overruling of his demurrer.

.The question presented requires a construction of section 1066 of the R. S. 1881, in reference to new trials as of right in actions of ejectment. The section is as follows:

" 1066. The result of the new trial, if application therefor is made after the close of the term at which the judgment rendered, shall in no case affect the interest of third persons, acquired in good faith, for a valuable consideration, since the former trial."

Under this section the purchase which is not to be affected by the new trial is not merely a purchase for a valuable consideration; it must be also a purchase in good faith.

. A party who buys with notice of a prior right is not a purchaser in good faith; this was held by Lord HARDWICKE in *LeNeve* v. *LeNeve*, Ambler 436; S. C., 3 Atk. 646; 1 Vesey, 64.

Notice, in such cases, may be either actual or constructive; . but in the present case it is not a question of constructive notice; the reply expressly admits that " the plaintiff had actual notice of said suit."

It is not good faith to buy property with actual knowledge of an adverse claim thereto not yet determined. Therefore, ordinarily, a transfer *pendente lite* of the property in litigation by a party to the suit has no effect upon the litigation, and ordinarily, in equity, *lis pendens* is constructive notice, although there be no actual notice. *Murray* v. *Ballou*, 1 Johns. Ch. 566. In Indiana, a *lis pendens* is constructive notice now, if the statutory provisions are fulfilled. R. S. 1881, sections 325 to 331. But here was actual notice; the plaintiff here, having actual notice of the ejectment suit, knew also that the plaintiff in that suit was entitled, as of right, to a new trial on payment of the costs. He knew that the property upon which he advanced his money was in litigation, which was not yet finally determined. It was held by Lord REDESDALE, that although a bill has been dismissed a party purchasing after dismissal will be a purchaser *pendente lite*, if an appeal be afterwards taken to the House of Lords, since it was

still a question whether the bill was rightly dismissed, and the parties thus having notice must take subject to all the legal and equitable consequences. *Gore* v. *Stacpoole*, 1 Dow, 18, 31 ; 3 Sugden Vendors, p. 459. So as to a purchaser during the temporary abatement of a suit, where there has been no laches in reviving it.    2 White & Tudor Eq. Cas., p. 126. A party who makes his motion for a new trial within the statutory time is not guilty of laches, although under section 1066, *supra,* he is not protected against a purchaser in good faith.

In *Vattier* v. *Hinde,* 7 Peters,252, 279, MARSHALL,C. J., says: "The rules respecting a purchaser without notice, are framed for the protection of him who purchases a legal estate and pays the purchase-money without knowledge of an outstanding equity.    *    *    Even the purchaser of an equity is bound to take notice of any prior equity.    *    *    But there is, we think, much reason to believe that he" (the purchaser) "had actual notice of that equity ; or, at any rate, was informed of circumstances which ought to have led to such inquiry as would have obtained full notice." ·

Mr. Story says :  " The taking of a legal estate, after notice of a prior right, makes a person *mala fide* purchaser." 1 Story Eq. Jur., sec. 397. "Particular persons, in contracts, and other acts, shall not only transact *bona fide* between themselves, but shall not transact *mala fide* in respect to other persons, who stand in such relation to either, as to be affected by the contract or consequences of it." Story Eq. Jur., section 333.

We think the plaintiff, when he took his mortgage, did not acquire an interest " in good faith " within the meaning of section 1066, R. S. 1881. The court therefore erred in overruling the demurrer to the reply, and for this error the judgment must be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the

same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded, with instructions to sustain the demurrer of the defendant Smith to the reply to the second paragraph of said Smith's answer.

Filed April 4, 1884.