Dunnington v. Elston.

No. 11,816.

DUNNINGTON v. ELSTON.

JUDICIAL SALE.—*Protection of Purchaser where Judgment is Reversed.—Statute Construed.—Ejectment.*—Section 669, R. S. 1881, protects purchasers at judicial sales by virtue of judgments afterwards reversed, but not a purchaser from one who was a successful party to a judgment in ejectment afterwards reversed.

SAME. —*Appeal.—Notice.—Judgment.—Effect of Reversal.*—A party purchasing lands, relying upon a judgment in favor of his vendor in ejectment, must take notice of the right of appeal, and is, therefore, subject to the risk of such appeal and its result.

From the Montgomery Circuit Court.

*G. W. Paul, J. E. Humphries, J. M. Thompson, W. B. Herrod* and *W. H. Thompson,* for appellant.

*G. D. Hurley, B. Crane, T. H. Ristine* and *H. H. Ristine,* for appellee.

MITCHELL, J.—Elston commenced a suit in ejectment in the Montgomery Circuit Court against Piggott, to recover certain lands which he claimed under a deed made in pursuance of a decree of foreclosure against Piggott and wife.

On the facts found, the circuit court stated its conclusions of law and rendered judgment in favor of Piggott. Shortly after the rendition of this judgment, Dunnington purchased the land, and took a conveyance, from Piggott. Subsequently, and within a year from the rendition of the judgment, Elston appealed the case to this court, where, upon the facts found by the court below, it was ordered that judgment should be rendered for Elston. *Elston* v. *Piggott,* 94 Ind. 14.

Dunnington then brought this suit in the Montgomery Circuit Court, and averred in his complaint that he purchased and paid for the land in good faith, without any "notice of the facts of said case, or of any appeal, either taken or to be taken from said judgment," and that he was not a party to the record, nor attorney of any party, and that no *lis pendens* notice was filed.

It appears in the complaint that at the time Elston commenced the suit in ejectment, he held the legal title to the land in controversy, and it is not averred that the deed was not duly recorded, or that Dunnington did not have actual notice of it.

He claims that under section 669, R. S. 1881, his title to the land is protected by the judgment in favor of Piggott in all respects as if the judgment had not been reversed in this court. This claim is made because he says he purchased and paid for the land in good faith, relying on the judgment, and without knowing that Elston intended to appeal.

The court below sustained a demurrer to the complaint, and this presents the only question for decision.

Section 669 provides as follows : " The reversal of any judgment by virtue of which any real estate has been sold or transferred, or the title thereto affirmed, shall not avoid the sale, transfer, or title, if the person to be affected thereby shall be, or claim under, a purchaser in good faith, and not a party to the record or attorney of any party."

The contention of counsel is that the appellant is a purchaser in good faith under a title *affirmed* by the judgment of the Montgomery Circuit Court, and that his title must prevail by force of this statute, notwithstanding the reversal of the judgment under which he claims. In this we can not concur.

The title of Elston, under the deed which presumably was of record, can not be defeated by the purchase of Dunnington, now that the judgment under which he claims is wiped out by the appeal.

It was not necessary, in order to preserve his title from a purchaser *pendente lite,* that he should have filed a *lis pendens* notice as provided by section 325, R. S. 1881. His title being of record afforded constructive notice of his rights pending the litigation. Nor is the appellant sustained by section 669.

Where the only title of a purchaser rests upon the judg-

ment or decree of a court of record, inasmuch as he is bound to take notice of the source of his title, he is charged with notice of all the incidents to which the judgment is subject. He is conclusively presumed to know that the judgment may be appealed from within a limited time, or that by the payment of costs the judgment may be vacated within a time fixed by law.

Dunnington took his title within the time in which by law Elston had the right to appeal, and thereby he took the hazard of the appeal and the reversal of the judgment, and now that the appeal was taken, and the judgment under which he claims is reversed, he can not say he was a purchaser in good faith and invoke the aid of the statute.

A construction of the statute such as the appellant contends for would practically destroy the right of appeal in cases where the title to land is involved, by putting it within the power of the prevailing party below to render an appeal unavailing by a transfer of the title.

It is conceived that the purpose of the statute was to protect persons, other than parties to the record or attorneys of such parties, who in good faith purchased lands at judicial sales, but that it can have no application to a case like this unless the purchaser is in a situation to bring to his aid some element of estoppel against the party who appeals. The case is within the principle of *Smith* v. *Cottrell*, 94 Ind. 379.

The judgment is affirmed, with costs.

Filed April 8, 1885.