Filed Nov. 19, 1890.

———————◆———————

No. 14,578.

## LEE v. GROSS ET AL.

FRAUDULENT CONVEYANCE.—*Injunction Against.*—*Violation of.*—*Action to Set Aside Judgments.*—*Pleading.*—In a suit to set aside judgments and a sheriff's sale thereon the complaint alleged that in a prior suit against the judgment debtor, upon an affidavit showing an emergency, the plaintiff obtained a restraining order enjoining the judgment debtor from selling, conveying or otherwise encumbering his land described in the complaint, and that in violation of the order the judgment debtor confessed the judgments sought to be set aside.

*Held*, that the order must be construed as an order restraining the debtor from removing, transferring or encumbering his property in fraud of the rights of his creditors; and as it is not alleged in the complaint that the debts upon which the judgments were rendered were not just debts, or that the plaintiff had any equity superior to the judgment creditors, the judgments are not shown to be fraudulent, a preference of creditors merely is shown, and the complaint is demurrable.

From the Vigo Superior Court.

*I. N. Pierce*, for appellant.

*S. C. Stimson, R. B. Stimson* and *A. M. Higgins*, for appellees.

COFFEY, J.—This action was instituted by the appellant against the appellees to set aside certain judgments described in the complaint, and a sheriff's sale thereon.

The complaint alleges, substantially, that the appellant commenced suit in the Vigo Superior Court, in the month of

July, 1886, against John R. Gross for her own seduction; that in said action, on the 9th day of September, 1886, upon an affidavit showing an emergency therefor, she obtained a judgment against said Gross restraining and enjoining him from selling, conveying, or otherwise encumbering, until the further orders of the court, his land therein described; that a copy of said restraining order and injunction was served on the said Gross on the same day, and that the same has ever since remained in full force; that on the 14th day of April, 1887, she recovered judgment in said action for the sum of $500, which is still in full force.

That in violation of said restraining order and injunction the said John R. Gross, on the 25th day of September, 1886, confessed judgment in the Vigo Circuit Court in favor of the appellee Catharine Gross, who had full knowledge of said restraining order and injunction, for the sum of $1,-471.30; that in violation of said restraining order and injunction the said John R. Gross, on the 14th day of September, 1886, executed his promissory note to Thomas W. Harper and Faris & Hamill for the sum of $400, they being his attorneys in said action, having full knowledge of the existence of said restraining order and injunction; that on the 24th day of September thereafter the said Gross, under the advice of his said attorneys, and for the express purpose of evading said restraining order, empowered and appointed W. W. Rumsey to waive process and enter a full appearance and suffer judgment to go against him on said note for the sum of $400, upon which the said Harper, Faris and Hamill did take judgment, on said day, in the superior court of Vigo county for said sum; all which was done by said parties with the express intention of obtaining a lien on the land of the said John R. Gross prior to any lien that might be created by any judgment rendered in favor of the appellant; that said judgment for the sum of $400 was afterwards assigned to the appellee Thomas A. Anderson, who sued out an execution thereon and placed the same in

the hands of the sheriff of Vigo county; that the appellee Catharine Gross also sued out an execution on her said judgment and placed the same in the hands of said sheriff, and that by virtue of said executions the sheriff levied upon all the real estate of the said John R. Gross and sold the same to the appellee David Lee, for the sum of $600, who took the certificate of purchase of the sheriff therefor; that at the time of said purchase Lee had full notice of the existence of the restraining order and injunction herein referred to against John R. Gross; that Gross has no other property subject to execution, and the cloud cast upon his title by said judgments and sale renders his land unavailing for the payment of the appellant's judgment.

Each of the appellees, Anderson, Gross, and Lee, filed a separate demurrer to this complaint, which was sustained, and the appellant failing to plead further, the court rendered judgment for costs in favor of the appellees.

The only question involved in the case relates to the sufficiency of this complaint.

Under our statute a creditor may enjoin his debtor from making a fraudulent transfer of his property pending an action to enforce the collection of a debt. *Morey* v. *Ball*, 90 Ind. 450.

As all the appellees in this case had actual notice of the restraining order and injunction mentioned in the complaint, it can not be successfully maintained that they are not bound thereby. *Arnold* v. *Smith*, 80 Ind. 417; *Smith* v. *Cottrell*, 94 Ind. 379; *Krug* v. *Davis*, 101 Ind. 75; *Dunnington* v. *Elston*, 101 Ind. 373.

A judgment taken in violation of an existing injunction is void, and the enforcement thereof may be enjoined. *Collins* v. *Fraiser*, 27 Ind. 477.

It is plain, therefore, that the only question involved in this case about which there is reasonable ground for dispute, relates to the question as to whether it appears by the complaint now before us that the judgments therein named were

taken in violation of an existing restraining order and injunction.

The grounds for the injunction, set forth in the affidavit upon which it was issued, are not disclosed, nor are the terms of the restraining order very fully set forth. We call to mind but one cause for the granting of such an order, and that is that the party against whom the order issues is about to dispose of his property subject to execution with the intent to defraud his creditors. Indeed, there is respectable authority for saying that in the absence of some statutory provision the court could not grant such an order. High Injunctions, sections 131, 326.

Section 1148, R. S. 1881, provides that when it appears in the complaint, at the commencement of the action, or during the pendency thereof, by affidavit, that the defendant threatens or is about to remove or dispose of his property, with the intent to defraud his creditors, a temporary injunction may be granted to restrain the removal or disposition of his property. As no other reason exists for granting an order of the kind in question than the reason set forth in this statute, it is safe, we think, to assume that the reason set forth in the affidavit for the temporary restraining order was, that Gross was threatening, or was about to dispose of his property with the intent to defraud his creditors. Under the legal presumption that everything is rightly done in court, we must presume that some legal reason for granting the restraining order was set forth in the affidavit therefor, otherwise it would not have been granted.

The restraining order, therefore, mentioned in the complaint must be construed and interpreted in connection with and in the light of the application upon which it is based. So construed it amounts to an order restraining and enjoining Gross from removing, transferring or encumbering his property in fraud of the rights of his creditors. To place any other construction upon it would place the court in the attitude of granting an order not authorized by law, with-

out any showing that such is the case. This, we think, should not be done.

The question remains as to whether the complaint discloses that the judgments therein named were rendered in fraud of the rights of the creditors of Gross, or the rights of the appellant. It is not alleged that the debts upon which the judgments were rendered were not just debts, and, therefore, we must assume that they were just. A debtor has the right to prefer his creditors. *O'Donald* v. *Constant*, 82 Ind. 212; *Dice* v. *Irvin*, 110 Ind. 561. The appellant in this case was a creditor. *Hunsinger* v. *Hofer*, 110 Ind. 390.

It is not shown that the appellant had any equity superior to the appellees by which she was entitled to have her claim for damages preferred to the debts upon which the judgments were rendered. The case, then, is the ordinary one where the debtor prefers one creditor to the exclusion of another. Such an arrangement is not fraudulent. Not being fraudulent it is not, in our opinion, in violation of the restraining order set up in the complaint. For this reason the court did not err in sustaining the several demurrers to the complaint.

Judgment affirmed.

Filed Nov. 19, 1890.