Filed May 26, 1891.

---

No. 15,141.

## GRISWOLD v. WARD ET UX.

LIS PENDENS.—*Purchaser without Notice.*—*New Trial as of Right.*—*Reversal of Judgment.*—Where a plaintiff in ejectment recovers a judgment for possession against the owner in fee, who is in possession of the land, and within the year allowed by statute the defendant obtains a new trial as of right, upon which he recovers, one who purchases without notice a mortgage executed by the plaintiff after the first judgment and before the new trial is taken, is not an innocent purchaser within section 1066, R. S. 1881.

From the Steuben Circuit Court.

*R. W. McBride*, for appellant.

*J. M. Somers, J. I. Best* and *F. S. Roby*, for appellees.

COFFEY, C. J.—This was an action by the appellant, in the Steuben Circuit Court, against Leyman Pierson and his wife, the appellees herein, Ancil Ward and wife and others, to foreclose a mortgage.

The complaint alleges that, on the 11th day of August, 1885, the defendant, Leyman Pierson, executed his note, payable to John M. Somers and Frank S. Roby, for the sum of one hundred and fifty dollars; that at the same time he executed a mortgage upon the land in controversy in this suit to secure the payment of said note, which mortgage was duly recorded; that before said note became due the said Somers and Roby endorsed the same for value to the appellant; that the defendants other than Pierson claim some interest in said land adverse to said mortgage, but that such interest as they may have therein is junior and subject to the lien of said mortgage.

The note secured by the mortgage in suit was made payable at a bank in this State.

The appellees Ward and his wife filed a joint answer in two paragraphs.

The first paragraph avers that Ancil Ward was, at the time of the execution of the note and mortgage in suit, the owner in fee of the land described in the mortgage, and was in the peaceable possession of the same, and that he had ever since continued to be the owner of said land, and that Pierson never had any title thereto.

The second paragraph of the answer avers that at the time of filing the answer Ward was, and at the time of the execution of the mortgage had been, declared the owner of the land therein described in fee simple, and ever since had been such owner; that notwithstanding such facts the mortgagor, Leyman Pierson, with others, on the 11th day of August, 1884, commenced an action in the Steuben Circuit Court against the appellee Ancil Ward to recover the land described in said mortgage, and such proceedings were thereafter had that said Pierson, on the 11th day of December, 1884, recovered a judgment in said action for the possession of said land; that thereafter, to wit, on the 26th day of September, 1885, and after the execution of said mortgage the appellee Ancil Ward made application and obtained a new

trial as of right, and thereafter said cause was tried and determined, and it was adjudged that said Leyman Pierson had no title to said land ; that at the time of the execution of said mortgage Pierson had no title of record or otherwise to said land other than such as was acquired or derived by said judgment.

To this answer the appellant filed a reply in three paragraphs, the first being a general denial.

The second paragraph alleges that prior to the execution of the note and mortgage sued on, to wit, on the 22d day of August, 1883, Leyman Pierson and others commenced an action in the Steuben Circuit Court against the appellee Ancil Ward to recover the possession of the land described in the mortgage, and that such proceedings were had in that action that on the 11th day of December, 1884, Pierson and others recovered a judgment against Ward for the recovery of said land, and adjudging that said Pierson and others were the owners thereof in fee; that Ward was the sole defendant in that action, and made no motion for a new trial at the term at which said judgment was rendered, nor did he make any such motion until the 26th day of September, 1885, long after the close of said term ; that on that day he did make such motion as of right, which was granted ; that, on the 23d day of September, 1885, and before the maturity of said note, the appellant, in good faith, and for a valuable consideration, purchased said note from the payees thereof, and they endorsed the same to him and assigned him said mortgage ; that he had no notice or knowledge whatever of the litigation over the title to said land, nor did he know that Ward had, or claimed to have, any interest whatever in said land until long after he had purchased said note and mortgage and took an assignment thereof; that while appellee Ward may have been in the constructive possession of the land, he was not in the actual possession thereof, and it was apparently unoccupied, and that appellant had no knowledge of any occupancy of said land at the time he so

purchased and took an assignment of said note and mortgage.

The third paragraph of the reply does not materially differ, in legal effect, from the second.

The court sustained a demurrer to the second and third paragraphs of the reply, and the appellant excepted.

The only question for our consideration relates to the propriety of the ruling of the circuit court in sustaining the demurrer to the second and third paragraphs of the reply.

It is contended by the appellant that he is an innocent purchaser within the meaning of section 1066, R. S. 1881, which provides that "The result of the new trial, if application therefor is made after the close of the term at which the judgment is rendered, shall in no case affect the interest of third persons, acquired in good faith, for a valuable consideration, since the former trial," while on the other hand it is contended by the appellees that the facts alleged in the reply do not bring the appellant within the provisions of this statute.

The replies are by way of confession and avoidance, and they confess that the appellee Ancil Ward, at the time the mortgage in suit was executed, was the owner in fee simple of the land therein described, and that Pierson had no title whatever other than that conferred by the judgment, which was vacated when the new trial was granted, and that upon a second trial Ward was adjudged to be the rightful owner of the land.

In avoidance of these facts it is alleged that the appellant purchased the note and mortgage without any notice of the judgment in favor of Pierson against Ward, and in good faith paid a valuable consideration therefor without notice that Ward had or claimed any interest in the land.

It is settled by the decisions of this court that if the appellant had acquired the mortgage in suit with notice of the existence of the judgment in favor of Pierson, he could not claim to be an innocent purchaser, and that he would have

taken it subject to the right of Ward to defeat it, by taking a new trial as of right, at any time within one year from the date of the judgment. *Smith* v. *Cottrell*, 94 Ind. 379 ; *Dunnington* v. *Elston*, 101 Ind. 373; *Brown* v. *Cody*, 115 Ind. 484.

It is not alleged that the payees of the note who took the mortgage did not have full knowledge of the litigation between Pierson and Ward, but, independent of this omission, we think the replies in question fail to bring the appellant within the provisions of this statute. It is alleged that the appellant had no knowledge of the judgment in favor of Pierson against Ward, and this being true it can not be claimed that he was in any degree influenced to make the purchase by the result of the litigation between these parties. He is in the same situation he would have occupied had there been no judgment. He is in the situation contemplated by the statute, provided he is an innocent purchaser within the ordinary meaning of that term. We think it was intended by the Legislature, in the passage of this statute, that persons who purchased the land or acquired liens thereon under such circumstances as would enable them to hold the land or the lien, as innocent purchasers, in the absence of litigation over the title, should not be affected by the granting of a new trial, provided such purchaser or lien-holder took without notice of the litigation. The Legislature never intended to give a purchaser without notice of the litigation any benefit from the existing judgment which was subject to the right of the party against whom it was rendered to vacate it at any time within the year, but the purpose was to protect such purchaser from the consequences of vacating the same, where he purchased without notice of its existence.

Had Pierson possessed a deed to the land, valid upon its face, backed by a regular chain of title, and Ward had possessed a better title, though not of record, then the appellant would be in a situation to assert that he was an innocent

purchaser for value without notice, and the granting of a new trial would not have affected his rights acquired before the new trial was granted.

But we have no such case before us. Indeed it is shown that Pierson had no title except such as rested upon his judgment against Ward, which afterward proved to be no title at all. Had appellant acquired his mortgage from Pierson, in the absence of any litigation upon the subject of title, under the showing made here Ward could have quieted his title at any time as against the pretended mortgage lien.

We conclude, therefore, that the appellant is not an innocent purchaser within the meaning of the above statutory provision, and that the court did not err in sustaining a demurrer to the second and third paragraphs of the reply now under consideration.

Judgment affirmed.

McBRIDE, J., took no part in the decision of this cause. Filed May 26, 1891.