## HOOSIER CONSTRUCTION COMPANY v. SEIBERT.

### [No. 9,336.   Filed February 2, 1917.]

1. JUDGMENT.—*Conclusiveness.*—*Res Judicata.*—The decision of the Supreme Court, in an injunction suit to prevent the construction of a public improvement, holding the proceedings therefor void is controlling on the invalidity of the proceedings where that question is raised in a subsequent action by the paving contractor to enforce a lien for work done and the facts therein relating to the validity of the proceedings in the latter action are identical with those involved in the case determined by the Supreme Court.   p. 602.

2. MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Procedure.*— *Competitive Bidding.*—Competitive bidding in the letting of contracts for the construction of a street improvement is mandatory and jurisdictional and where it is omitted the proceedings are invalid and void.   p. 602.

3. MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Procedure.*— *Omission of Competitive Bidding.*—*Collateral Attack.*—The proceedings had in the construction of a street improvement are subject to collateral attack where it appears that competitive bidding has been omitted in the letting of the contract.   p. 602.

4. MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Failure to Object.*—*Assessments.*—*Estoppel to Question.*—It is the general rule that where the owner of property subject to assessment for public improvements stands by and makes no objection to improvements which benefit his property, he may not deny the authority by which the improvements are made, nor defeat the assessment made against his property for the benefits derived, and the rule applies both where the proceedings are attacked for irregularity and where their validity is denied but color of law exists for the proceedings.   p. 602.

5. MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Enforcement of Lien.*—*Estoppel to Question Assessment.*—*Burden of Proof.*— In a paving contractor's action against a property owner to enforce a lien for work done in the construction of a street pavement, where the invalidity of the proceedings for the improvement appears, plaintiff has the burden of alleging facts estopping the property owner from questioning the assessment for the improvment.   p. 603.

6. ESTOPPEL.—*Pleading.*—*Sufficiency.*—No intendments are made in favor of a plea of estoppel, and it is incumbent on the pleader to plead fully the facts essential to it.   p. 603.

7. MUNICIPAL CORPORATIONS.— *Public Improvements.— Action to Enforce Lien.—Answer.—Sufficiency.*—In a contractor's action against a property owner to enforce a street improvement assessment lien, an answer fully pleading the invalidity of the proceedings for the improvement and showing that the property owner brought and prosecuted an injunction proceeding to restrain the city from entering into the contract for the work and appealed to a higher court from an adverse decision, and that the contractor, before entering into the contract, knew of the injunction suit and that the property owner was therein questioning the validity of the improvement proceedings, is sufficient as against demurrer. p. 603.

8. MUNICIPAL CORPORATIONS.—*Public Improvements.—Assessments. Liability.—Estoppel to Question.*—Where the owner of property liable to assessment for a street pavement brought suit to enjoin the city from entering into the contract for the improvement, attacking in such suit the validity of the improvement proceedings, and the paving contractor, with full knowledge of such action and chargeable with the knowledge that the plaintiff therein had the right to appeal from the adverse decision of the lower court, entered into a contract with the city to do the work and constructed the pavement, the property owner was not estopped, after a reversal of the trial court's decision in the injunction suit, to question the improvement assessment, since an estoppel can arise in such a case only where it appears that the complaining party stands by and without objection permits the work to be commenced and continued. p. 604.

9. LIS PENDENS.—*Presumptions.—Notice.*—An appeal is a right granted by statute, and one having knowledge of a pending appealable cause is conclusively presumed to know that a judgment entered therein may be appealed from within a limited time. p. 605.

10. NEW TRIAL.—*Laches.—Statutory Period.*—A party who makes his motion for a new trial within the statutory time is not guilty of laches. p. 606.

From Marion Superior Court (74,997); *V. G. Clifford,* Judge.

Action by Hoosier Construction Company against George Seibert. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*William F. Elliott* and *Clarence A. Kenyon,* for appellant. *Joseph B. Kealing* and *Martin M. Hugg,* for appellee.

CALDWELL, J.—This appeal presents for examination the

same public work as is involved in *Seibert* v. *City of Indianapolis* (1907), 40 Ind. App. 296, 81 N. E. 99. Appellant was contractor in the construction of such work—the improvement of a designated portion of State avenue in the city of Indianapolis. Appellee is the owner of certain real estate abutting on the work, which real estate was liable to assessment for the improvement of the avenue. Appellant brought this action to foreclose a street improvement assessment lien based on said work. The complaint contains, in addition to the usual averments of a complaint of this kind, allegations to the effect that appellee stood by without objection and with knowledge permitted and induced appellant to perform labor and expend large sums of money in prosecuting and completing the work under the contract.

Appellant's demurrer to appellee's answer was overruled, and appellee's demurrer to appellant's reply was sustained, whereupon judgment was rendered against appellant that it take nothing, for failure and refusal to plead further. Appellant assigns error on the ruling on the two demurrers.

The material part of the answer is, in substance, as follows: On June 28, 1905, the board of public works of said city adopted a preliminary resolution for the improvement of the roadway of State avenue. The resolution was subsequently modified so as to specify for the work "Warren's patent bitulithic" pavement, and as modified it was adopted as a final resolution. Certain portions of the specifications are set out in the answer. They are identical with those copied into the opinion in *Seibert* v. *City, supra,* and it is therefore unnecessary to repeat them or to state their substance here. It will be observed from an examination of the opinion in that case that such specifications required in the process of performing the work that Warren's No. 24 Puritan brand hard bituminous cement, Warren's No. 21 Puritan brand bituminous waterproof cement, and Warren's quick-drying bituminous flush coat composition should be

used. The answer includes, also, with appropriate averments in aid thereof, a written agreement entered into between the board of public works and the Warren Brothers' Company, prior to the adoption of the specifications. This agreement also is copied into the opinion in *Seibert* v. *City*, *supra*. It will be observed that by its terms the Warren Brothers' Company released to the city the right to use the patents held by the former, covering the process of constructing and laying said bitulithic pavement during 1905 and 1906, and that the company agreed also to furnish and deliver to the contractor in any contract for the construction of Warren's bitulithic pavement let in either of said years the required amounts of the specified grades of cement, and also of said flush coat composition, in consideration of which the city agreed to cause any such contractor "to pay to Warren Brothers' Company for the use of the patents so transferred and the materials so delivered a sum equal to 90 cents per square yard, for each and every yard of said bitulithic pavement so laid."

The board of public works, by notice duly given, called for sealed bids to be submitted December 29, 1905, for performing the work. On December 28, 1905, appellee commenced an action in the superior court of Marion county against the city and the members of its board of public works, alleging facts to the effect that the proceedings for the improvement of State avenue were invalid, by reason of the contemplated use as specified of said patented process and of said materials manufactured and supplied only by Warren Brothers' Company, and seeking to enjoin the city and its board of public works from proceeding in the matter further than to receive and open bids for the work. On application a restraining order was issued on December 28, 1905, against defendants to the proceedings as prayed. On December 29, 1905, the board received and opened bids for the construction of the work. Appellant's bid was found to be the lowest and best bid. By reason

of the restraining order, the contract was not awarded at that time. Appellant knew, when it submitted its bid, and when the bids were opened, that said action was pending and that the city and its board were restrained from proceeding further with the work. Facts are averred to the effect that appellant, though not a party to the cause, employed counsel, procured the attendance of witnesses, and participated actively in the defense of said action; that it was present by its president throughout the trial of the injunction proceeding, and that its president testified as a witness for the defense therein. On May 10, 1906, the court found for the defendants in the injunction proceeding, and rendered judgment against this appellee, plaintiff therein, dissolving the restraining order, and for costs. On June 1, 1906, appellee filed his motion for a new trial, which was on that day overruled, and appellee prayed and was granted an appeal to the Appellate Court. On June 11th, he filed his bill of exceptions containing the evidence, and thereafter filed the transcript on appeal to this court. Appellant in this proceeding employed counsel, who briefed said cause on appeal in behalf of appellees therein. On June 24, 1907, the Appellate Court reversed the judgment in the injunction proceeding, and held that the specifications and proceedings for the improvement of State avenue were against public policy and void. This court remanded the cause with instructions to the trial court to sustain the motion for a new trial. Said cause on appeal is *Seibert* v. *City of Indianapolis, supra.*

A petition for a rehearing in said cause was overruled May 28, 1907, and a petition to transfer to the Supreme Court was denied June 28, 1907, and on or about that day a certified copy of the opinion and mandate of the Appellate Court was filed in the office of the clerk of the trial court and thereafter, November 29, 1907, the cause was redocketed in said court on this appellee's motion, as a

cause pending therein: Facts are averred to the effect that appellee diligently prosecuted his appeal in said cause.

On May 21, 1906, the contract for the improvement of State avenue was awarded to appellant, and appellant thereupon formally entered into a contract with the board of public works, by which the former agreed to do the work according to specifications. On August 24, 1906, the board of public works adopted and approved the final assessment roll on the work, showing the assessments sought to be enforced in this action. The answer contains a number of specifications respecting the invalidity and illegality of the proceeding which bring it within the decision in *Seibert* v. *City, supra*. The answer closes with the following: ''The defendant further says he did not stand by with full knowledge and without objection permit the plaintiff to expend large sums of money, time and labor in making said improvement as set out in plaintiff's complaint, but that he, by his said action and by the diligent prosecution of his said appeal, claimed and does now claim that said contract and the proceedings under and pursuant to which the same was executed were and are illegal and void; that at no time did he acquiesce in plaintiff's claim, but plaintiff knew and had knowledge and notice before the execution of its contract with said Board of Public Works that he was claiming said proceedings to be void and wrong and had been so claiming all the time from the time it made its bid as aforesaid until after the final decision of said appeal and that during all of said time the plaintiff had knowledge and notice that the defendant herein was contesting with said city and said Board of Public Works the legality of said proceedings and the right of said Board to order said State Avenue to be laid with said Warren's bitulithic pavement under said proceedings, and the plaintiff herein appeared in said cause as aforesaid, and that said contract was let to the plaintiff, and said work was done by it after said action was begun, and after it was thereby notified that he, this

defendant, claimed that said proceedings were void, but notwithstanding the plaintiff proceeded to execute said contract and do said work, and is now claiming the alleged liens by virtue thereof as set out in its complaint herein.''

The material part of the reply is, in substance, as follows: The board of public works modified the preliminary resolution so as to provide for Warren's patent bitulithic pavement, pursuant to the petition of the majority of the property owners affected. Appellant, under a requirement of the board, filed with its bid a certified check, with a condition that it would enter into a contract to perform the work if its bid should be accepted. Appellant had no knowledge of the injunction proceedings when it filed its bid and check. Appellant's bid was accepted May 18, 1906, eight days after the dissolution of the restraining order; on May 25, 1906, it entered into a contract in writing with the city for the performance of the work, and executed a bond with a $10,000 penalty to complete it according to the specifications by September 15, 1906. Appellee knew at all times from December 29, 1905, to May 25, 1906, that appellant was the lowest bidder, and that said check had been filed, but he took no steps to make appellant a party to the action, or to notify it that the action was pending. When appellant entered into the contract on May 25, 1906, to perform the work as aforesaid, appellee had not filed his motion for a new trial in the injunction proceeding, and had given appellant no notice of his intention to prosecute said cause further. Appellee, with full knowledge of the responsibility of appellant under its bid and deposit, stood by without notice to appellant until the latter had executed the contract and bond aforesaid. The reply specifically denies that appellant participated in the defense of the injunction proceeding, either in the trial court or on appeal, or that it employed counsel or procured the attendance of witnesses to that end. Appellant's president was present and testified as a witness in the injunction proceeding, but he did

so, not as appellant's representative, but in his individual capacity, and at the request of Warren Brothers' Company. Appellant did request counsel for defendants in the injunction. proceedings to take certain steps and file certain answers therein, but the request was ignored. Appellant did not know that a motion for a new trial had been filed in said proceeding, or that it had been appealed, until after the work had been entirely completed according to contract. Appellee stood by day by day and saw appellant spending its money improving said street in front of his property, and receiving the benefit of the same, without verbal or written notice of any kind to appellant showing his intention to prevent appellant from receiving pay for such work.

Immediately after the work was completed, the board of public works made out a primary assessment roll, disclosing the assessments against appellee's property, and gave notice as required by the statute, fixing a time when property owners affected might appear and remonstrate against or object to the same. Appellee took no steps in opposition to such assessment roll, as affecting him, and the same was confirmed. Appellee did not prosecute an appeal from said assessment roll to the circuit or superior court. The reply concludes as follows: "The plaintiff denies that it had any knowledge of the defendant's intention to proceed further in said cause. No notice was given to this plaintiff nor was it made party to the said proceedings, nor did plaintiff know or have any cause to know that defendent would contest the validity or legality of any lien or liens against his said property for the letting of the contract and doing the work thereunder, and the defendant did not even have said cause redocketed nor in court until more than four months after it was decided on appeal and after this plaintiff had instituted this suit and employed counsel herein, and said cause had apparently been abandoned by the defendant."

In determining the sufficiency of the answer and also of the reply, and whether the court erred in overruling the

demurrer to the former or in sustaining the demurrer filed to the latter, it is well to observe that the facts here bearing on the validity of the proceedings for the improvement of State avenue are identical with those involved in *Seibert* v. *City, supra.* The court there considered these identical proceedings from the inception of the enterprise to the advertising for bids. It is held there that the fact that the specifications required the use of a certain particular brand of material to the exclusion of all others, which material was manufactured and could be supplied by but one company, in effect destroyed competition in bidding; that as a consequence, one step required by the statute in proceedings such as are involved here—competitive bidding—was in effect omitted, and hence that such proceeding came within the condemnation of the public policy of the state as declared by the legislature, and hence that such proceedings were void and could not support a valid contract. We regard that case as controlling authority that the proceedings here were invalid. As we have said, that decision received the approval of the Supreme Court by the denial of a transfer. It has since been recognized as sound. *Tousey* v. *City of Indianapolis* (1910), 175 Ind. 295, 94 N. E. 225. Competitive bidding in the letting of such a contract as that for the improvement of State avenue is mandatory and jurisdictional. It having in effect been omitted here, the proceedings were invalid and void. *Edwards* v. *Cooper* (1906), 168 Ind. 54, 79 N. E. 1047; *Zorn* v. *Warren-Scharf, etc., Paving Co.* (1908), 42 Ind. App. 213, 84 N. E. 509. The infirmity here appearing on the face of the proceedings is susceptible to collateral attack. *Brownell, etc., Co.* v. *Nixon* (1911), 48 Ind. App. 195, 92 N. E. 693, 95 N. E. 585.

There are left for our consideration only the elements of estoppel and laches. "It is a general rule, now fully accepted in this State, that where the owner of property subject to assessment for public improve-

ments stands by and makes no objection to such improvements which benefit his property, he may not deny the authority by which the improvements are made, nor defeat the assessment made against his property for the benefits derived. And this is true, both where the proceedings for the improvement are attacked for irregularity, and where their validity is denied, but color of law exists for the proceedings.'' *Board, etc.* v. *Plotner* (1897), 149 Ind. 116, 48 N. E. 635, and cases; *Taylor* v. *Patton* (1902), 160 Ind. 4, 66 N. E. 91; *Edwards* v. *Cooper, supra; Phillips* v. *Kankakee Reclamation Co.* (1912), 178 Ind. 31, 98 N. E. 804, Ann. Cas. 1915C 56. The invalidity of the proceedings appearing, the burden rested on appellant to allege the facts constituting the estoppel. *Taylor* v. *Patton, supra*; 1 Works' Practice §606. No intendments are made in favor of a plea of estoppel, and it is incumbent on the pleader to plead fully all the facts essential to the existence of an estoppel. *Troyer* v. *Dyar* (1885), 102 Ind. 396, 1 N. E. 728; 16 Cyc 809.

With these principles in mind, we proceed to determine the sufficiency of the answer and the reply. The invalidity of the proceedings did not appear on the face of the complaint in this action. The pleader, apparently in anticipation of an answer that the proceedings were invalid, alleged in the complaint that appellee with full knowledge and without objection permitted appellant to expend large sums of money, etc. By the answer the facts showing the invalidity of the proceedings are fully pleaded. It contains in addition other averments meeting the allegations of the complaint that appellant stood by without objection, etc. These other averments are to the effect that appellee brought and prosecuted the injunction proceeding, and meeting with an adverse decision, he promptly appealed to a higher court. There are general allegations and facts are specifically alleged. to the effect that before appellant contracted with the city and at all times from and after the

time when it made its bid, it had full knowledge that appellee was claiming that said proceedings were void, and that he was contesting that question with the city. In our judgment the answer successfully met all the averments of the complaint, and that the court did not err in overruling the demurrer filed to it.

Turning our attention to the reply, the parties apparently regard that some importance attaches to the following dates and events disclosed by the answer and the reply:

8. On December 28, 1905, appellee commenced the injunction suit and the restraining order was issued; on December 29, appellant submitted its bid; on May 10, 1906, the injunction proceeding was decided against appellee by the trial court, and the restraining order was dissolved; on May 18, the contract for the improvement of State avenue was awarded to appellant; on May 25, appellant entered into a contract to do the work, and filed its bond, and immediately commenced the work; on June 1, appellee filed and presented his motion for a new trial, which was overruled, and an appeal prayed and granted; on June 11, appellee filed his bill of exceptions containing the evidence and perfected the appeal; on August 24, the work of the improvement was completed; on April 24, 1907, the injunction proceeding was reversed on appeal. The reply contains an averment that appellant when it submitted its bid had no knowledge that the injunction proceeding had been commenced; that it had such knowledge prior to entering into the contract, however, is not denied. The fact of such knowledge affirmatively appears from the reply in that it contains a general averment that all allegations of the answer not specifically denied by the reply are admitted, and also in that it appears from the reply that appellant made certain suggestions relative to conducting the defense of the injunction suit. There is an averment also that appellee, after meeting with an adverse decision in the injunction suit, did not inform appellant that he

intended to move for a new trial or proceed further with such action, and that appellant did not know such fact. There is, however, no averment that appellee deceived appellant in these respects. The situation then was as follows: Appellee, knowing that appellant had knowledge of his objection to the improvement as manifested by the injunction proceeding, proceeded to prosecute his appeal, and said nothing to appellant respecting his intention. Appellant, with knowledge aforesaid, proceeded with the work and made no inquiry whether appellee was continuing his objections as indicated by his attitude in that case. In order that estoppel may be effective here, it must appear that appellee did stand by and without objection permit the work to be commenced and continued. "No estoppel can arise, of course, where the property owner does not acquiesce in the construction of the improvement, but, on the contrary, enters his protest thereto." 25 Am. and Eng. Ency. Law (2d ed.) 1206; *Edwards* v. *Cooper, supra.*

It would seem that no more emphatic protest could be entered than as manifested by the prosecution of a cause to enjoin the proceedings as invalid and void. An appeal is a continuation of an action, rather than the commencement of a new one. Appellant having knowledge of the action in the trial court should be chargeable with knowledge of its continuance on appeal. *Farmers Bank* v. *First Nat. Bank* (1902), 30 Ind. App. 520, 66 N. E. 503. An appeal is a right granted by statute. A person having

9. knowledge of a pending appealable cause is conclusively presumed to know that a judgment entered in such cause may be appealed from within a limited time. *Dunnington* v. *Elston* (1885), 101 Ind. 373; *Smith* v. *Cottrell* (1884), 94 Ind. 379; *Griswold* v. *Ward* (1891), 128 Ind. 389, 27 N. E. 751.

We conclude that it does not appear from the reply, considered in its relation to the answer, that appellee stood by, and without objection or protest permitted appellant to

prosecute the work; that, on the contrary, it appears that appellee, without in any manner deceiving or misleading appellant, manifested his nonacquiescence in an effective manner and that appellant was chargeable with notice of the fact.

The reply does not disclose that appellee was guilty of laches in the matter of moving for a new trial. "A party who makes his motion for a new trial within the statutory time is not guilty of laches." *Smith* v. *Cottrell, supra.*

The court did not err in sustaining the demurrer to the reply. The judgment is affirmed.

NOTE.—Reported in 114 N. E. 981. Validity of contract for material patented or held in monopoly where a letting to the lowest bidder is required, 18 L. R. A. 45; 5 L. R. A. (N. S.) 680; 46 L. R. A. (N. S.) 990. See under (1) 23 Cyc 1116; (2) 28 Cyc 1025; (3) 28 Cyc 1022; (4) 28 Cyc 1173; (5) 28 Cyc 1238; (6) 16 Cyc 809; (7) 28 Cyc 1236.