## McGUIRE v. CITY OF INDIANAPOLIS.

[No. 23,885. Filed May 11, 1922.]

1. STATUTES.— Construction.— The language used in a statute must be taken in its plain, ordinary and usual sense, unless there is something in the statute to show the contrary. p. 75.

2. MUNICIPAL CORPORATIONS.— Streets.— Paving.— Materials.— Right of Property Owners to Select.—Statutes.—Under §8710 Burns 1914, Acts 1909 p. 412, giving property owners along a street to be paved the right to require the board of public works to adopt detailed plans and specifications for a certain kind of pavement other than those originally designated, and to petition for the adoption of a certain kind of pavement of the kinds' of pavement for which bids have been received, property owners may determine the kind of pavement of those specified, but cannot compel the board, after it has accepted a bid for Mexican asphalt, to accept Trinidad Lake asphalt, though both comply with the specification; the property owners having the right to control the kind of pavement of those specified as a completed entity, but the details, specifications, and manner of producing the pavement is for the board. p. 75.

From Marion Circuit Court (31,356) ; Alfred M. Bain, Special Judge.

Action by Newton J. McGuire against the city of Indianapolis. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1399 Burns 1914, Acts 1901 p. 565.) Affirmed.

Walker & Hollett and Robbins, Townley & Wild, for appellant.

Samuel Ashby, Thomas D. Stevenson, Harry E. Yockey and Dixon H. Bynum, for appellee.

TOWNSEND, J.—Appellant sought to enjoin appellee city from executing a contract to pave a street. The trial court sustained a demurrer to the complaint. The questions arise on exception to this ruling.

The board of public works adopted and placed on file detailed plans and specifications for paving with wear-

ing surfaces of sheet asphalt, bituminous concrete, brick or creosoted wood block. The board accepted a bid for asphalt. The accepted bid being for Mexican asphalt, appellant claims that a majority of the abutters on the street have a right to petition for Trinidad lake asphalt. That is to say, because the board has accepted the bid of one who is going to use a liquid mineral bitumen which complies with the specification, that a majority may compel the board to accept a natural solid mineral bitumen which also complies with the specification.

Section 8710 Burns 1914, Acts 1909 p. 412, provides that, at the time of the preliminary resolution, the board shall: (1) "Adopt and place on file not less than four sets of detailed specifications, each describing the *wearing surface* of a *certain kind* of the *kinds* of modern city *pavements;*" that if, prior to ten o'clock a.m. on the tenth day from first publication, a majority on the street (2) "shall petition for some *kind* of *pavement* other than those originally designated by the board  *  *  * said board shall  *  *  *. adopt a resolution modifying said preliminary resolution so as to include the said *kind* of *pavement;* and the said board  *  *  * . shall  *  *  * adopt and place on file with the other specifications originally adopted, *detailed specifications* for said pavement;" that, after the bids are publicly opened and considered, "said board shall enter a preliminary order designating the *kind* of *pavement* with which said street shall be improved;" that if, prior to ten o'clock on the tenth day thereafter, a majority on the street (3) "shall file a petition  *  *  * requesting that said street be improved with a *certain kind* of the *kinds* of pavement for which a bid or bids have been received, said city  *  *  * shall have no jurisdiction or power, in that proceeding, to let a contract for the improvement of said street with any *pavement* other than the *kind* named in

said petition." (The italics and numbers in parentheses are ours for convenient reference.)

Now the question we have arises under what we have designated as parenthesis "(3)" of the statute. Are the words *"certain kind* of the *kinds* of pavement"* generic? Does the statute give the owner on the street any rights as to the materials or methods by which the "kind of pavement" is to be produced? To answer these questions we must look to the language used in each and all of the several steps indicated in the statute. In parenthesis "(1)" we have, *"wearing surface* of *certain kind* of the *kinds* of modern city *pavement."* This language must be taken in its plain, ordinary and usual sense. The same words are used in parenthesis "(3)." They should be given the same construction there, unless there is something in the statute to show the contrary. By parenthesis "(2)" the owners on the street are given an opportunity to require the board to specify "some *kind* of *pavement* other than that originally designated;" but the board is there required to adopt and file *"detailed specification* for said pavement." So that the whole tenor of the act seems to be that the owners on the street may control the completed entity which is designated by the name of some "modern city pavement." But the details, specifications and manner of producing that pavement are left to the board. It is the result and not the details which those on the street have a right to control. It is for the board to say by specifications what test the materials shall have. It is for the owners living on the street to say whether it shall be a brick, asphalt, creosoted block or some other "kind of modern city pavement."

Appellant relies on *Tousey* v. *City of Indianapolis* (1911), 175 Ind. 295, 94 N. E. 225. The language of

that opinion must be limited to the point which the court had before it for decision. That case arose under what we have designated as "(2)" of the statute, *supra*. Note the language on page 297 of the Tousey case: "Afterwards (i.e. after preliminary resolution for improvement) a petition was filed * * * by a majority * * * requesting that it be made with 'bitulithic pavement' instead of asphalt, which petition was granted, and the original resolution was so modified as to provide for the use of the bitulithic pavement; * * * the board adopted and placed on file complete specifications for the improvement." When the language of the Tousey case is limited to the point indicated by the above quotation, it is plain to see that it has no application in the instant case.

The case of *Barber Asphalt Paving Co.* v. *Field* (1905), 188 Mo. 182, 86 S. W. 860, relied upon by appellant, involved the right of the property owners to select the "material" from not less than two kinds of "material" designated by the board and, consequently, that decision has no application to a statute like ours.

The judgment of the trial court is affirmed.

Ewbank, C. J., not participating.