## The Farmers Bank of Frankfort et al. v. The First National Bank of Frankfort et al.

[No. 3,716.    Filed February 25, 1903.]

Fraudulent Conveyance.—*From Husband to Wife:*—A conveyance of land by a husband to his wife, without consideration, at a time when he was heavily in debt, and a subsequent conveyance without consideration to their son, is fraudulent. *pp. 525-527.*

Lis Pendens.—*Pending Appeal to Supreme Court.*—At the commencement of a suit to set aside a conveyance as fraudulent, a proper *lis pendens* notice was filed.    After the trial court had rendered judgment for defendants, and pending appeal to the Supreme Court, the real estate was sold, and by defendants conveyed to a third party.    *Held,* that the grantee was a purchaser *pendente lite,* and took the chances incident to the appeal. *pp. 528, 529.*

From Clinton Circuit Court; *D. H. Chase,* Special Judge.

Suit by the First National Bank of Frankfort, and others against the Farmers Bank of Frankfort and others.    From a judgment for plaintiffs, defendants appeal.    *Affirmed.*

*C. G. Guenther, Braden Clark, H. C. Sheridan* and *W. R. Moore,* for appellants.

*J. C. Farber, Joseph Claybaugh* and *N. P. Claybaugh,* for appellees.

Henley, J.—This case was transferred by the Supreme Court to this Court.    The appellees commenced this action in the Clinton Circuit Court on the 28th day of August, 1896.    The persons joined as defendants at that time were John A. Smith, John Enright, Ann Enright, and Levi H. Enright.    There were three paragraphs of the complaint; the third paragraph of which was withdrawn before the finding, and refiled after the case had been reversed by the Supreme Court.

Farmers Bank *v.* First Nat. Bank.

The first and second paragraphs of the complaint declared upon promissory notes executed to the First National Bank of Frankfort, while the third paragraph declared upon a judgment rendered in favor of the First National Bank of Frankfort against the said John A. Smith and John Enright, and which at the time of the filing of the complaint was wholly unpaid, and was in full force and effect. Each of the three paragraphs of the complaint alleged that at the date of the execution of the notes, and for a long time prior thereto, John Enright was the owner in fee simple of a large amount of real estate, which is particularly described in the complaint, and that on the 25th day of March, 1896, while being so indebted on said notes and judgments, and upon divers other notes, without any consideration, and with the intent to cheat, hinder, and delay his creditors, and with the intent to cheat, hinder, and delay the said appellee in the collection of its notes and judgment, said John Enright conveyed said real estate to his wife, Ann Enright, by deed, for a colorable consideration of $6,830, but for no actual consideration whatever; that the said Ann Enright and Levi H. Enright had full knowledge of the indebtedness to the appellee at the dates upon which the conveyances were made to them of the real estate described in the complaint, and that they each knew that the said John Enright did not retain sufficient property with which to pay his debts, and that he had not at the time of such conveyances, nor has he since had, nor has he now, sufficient property subject to execution to pay his debts, or the debts of this appellee, or to pay any part of said debts, and that the said Ann Enright and Levi H. Enright had full knowledge of these facts at the time of the conveyances to them, and that the said Ann Enright, Levi H. Enright, and John Enright conspired together for the purpose of aiding, abetting, and assisting the said John Enright to cheat, hinder, and delay the creditors of the said John Enright, and to prevent them from collecting

their said claims.   It is further averred that the said John A. Smith was and is wholly insolvent; also that the said Ann Enright and her husband, John, afterward conveyed a part of said real estate to their son Levi H. Enright without consideration, and for the fraudulent purpose of cheating, hindering, and delaying the creditors of said John Enright.   The prayer of the complaint is that the said bank, appellee, might have judgment on the said notes and judgments, and that the conveyances so made be set aside, and that the real estate so described therein be subjected to the payment of the claims therein set forth.

At the time of the filing of this complaint the appellee the First National Bank of Frankfort filed in the office of the clerk of the Clinton Circuit Court a written notice that said action was brought to set aside conveyances of the lands, in the complaint described, in which notice there was set forth the title of the cause, the names of all the parties to such suit, and a particular description of the lands mentioned in the complaint, the nature of the cause of action, that it was brought to effect the title of said real estate, and that the cause of action was pending in the circuit court of Clinton county, Indiana, and on the same day of the filing of the said notice it was duly recorded by the said clerk in the *lis pendens* record, kept by the clerk in his office; the clerk noting at the time upon the record thereof the day and hour when said *lis pendens* notice was filed and recorded.   The cause was put at issue and tried by the court, and on the 15th day of January, 1897, judgment was rendered against the defendant John A. Smith and the appellee John Enright upon the notes sued on in the first and second paragraphs of the complaint, and a finding in favor of the defendants upon that part of the cause of action which sought to set aside the conveyances as fraudulent.

The appellee the First National Bank of Frankfort filed its motion for a new trial, which motion was overruled.

The case was appealed to the Supreme Court, where the judgment of the trial court was, on the 15th day of February, 1898, reversed.   See *First Nat. Bank* v. *Smith,* 149 Ind. 443.   While the appeal was pending in the Supreme Court, Levi H. Enright conveyed a part of the land described in the complaint to the appellant, the Farmers Bank of Frankfort, and the said bank conveyed the same land to the appellants, George D. Kuhns and Christiana S. Kuhns, who at the same time executed a mortgage upon said land to their vendor to secure the unpaid balance of the purchase money.

In reversing the judgment of the trial court the Supreme Court directed that a new trial be granted.   The cause coming on for trial again in the circuit court, the appellee the First National Bank of Frankfort refiled its third paragraph of complaint, and obtained leave of court to file, and did file, a supplemental complaint.   In this supplemental complaint it is averred that at the time of filing the original complaint said appellee had filed a *lis pendens* notice, which notice is particularly described; that a judgment was rendered on the notes in favor of said appellee, and against John Enright and James A. Smith, and against said appellee as to the setting aside of the alleged fraudulent conveyances; that an appeal had been taken to the Supreme Court of Indiana, and that while the said cause was pending in said Supreme Court the said Levi H. Enright and the appellant the Farmers Bank of Frankfort, both having knowledge of the *lis pendens* notice aforesaid, and of the fact that an appeal was pending in the Supreme Court, and that the said John Enright was largely indebted to this appellee, and that the said John Enright had on the 25th day of March, 1896, without any consideration, and for the purpose of and with the intent to cheat, hinder, and delay his creditors, including this appellee, conveyed the real estate therein described, together with other lands, to his wife Ann Enright, and that Ann Enright, without any

consideration and in furtherance of the fraudulent intent on the part of John Enright, conveyed a part of the land, so fraudulently conveyed to her, to Levi H. Enright, and that the said Levi H. Enright, for the purpose of further hindering, delaying, and defrauding this appellee, executed and delivered a deed of conveyance for the lands described therein to the Farmers Bank of Frankfort during the pendency of such litigation, and that the said appellant, the Farmers Bank of Frankfort, having full and actual knowledge and notice of the *lis pendens* notice, and of the fraudulent purpose and acts of the said Enrights, received from said Levi H. Enright such conveyance, and executed a deed of conveyance for the same lands to the appellants, George D. Kuhns and Christiana S. Kuhns, who also accepted such deed of conveyance with full knowledge of the pendency of this action and of the *lis pendens* notice, and of the fraudulent purpose and acts of John and Ann Enright. It further avers that the said Kuhns executed a mortgage upon said land to the appellant the Farmers Bank of Frankfort, and that judgments were rendered in favor of other parties during the pendency of said appeal, and that the said Kuhns also executed a mortgage to one Jacob P. Metzger, and that all of said parties holding such mortgages and judgment liens were claiming that the same were superior to the claim of this appellee. To this supplemental complaint the Farmers Bank of Frankfort was made a defendant, as were, also, George D. and Christiana S. Kuhns, and all the persons who had acquired judgments against the Enrights after the rendition of the judgment in the trial court upon the first trial, and during the pendency of the appeal.

John Enright and Ann Enright answered the third paragraph of the complaint and supplemental complaint by a general denial. Levi H. Enright filed a separate answer in general denial. The appellant the Farmers Bank of Frankfort demurred to the complaint and supplemental com-

plaint, which demurrer was overruled by the court. The issues were completed so far as appellants are concerned, by answer of general denial filed by each of them. One of the appellees, who was made a defendant to the supplemental complaint, to wit, Rossville Lodge, No. 183, Independent Order of Odd Fellows, filed a cross-complaint, to which the appellant the Farmers Bank of Frankfort unsuccessfully demurred, as did also appellants, George D. and Christiana S. Kuhns. The trial resulted in a finding and judgment in favor of the appellees. The deed to Ann Enright was set aside as fraudulent, the land was ordered sold and the proceeds thereof applied to the satisfaction of the various judgments in the order of their priority, protecting the inchoate interest of Ann Enright in the land, and directing that the sum of $650 be paid her, which the court found was due and owing to her from her husband.

From this judgment John Enright, John A. Smith, Ann Enright, and Levi H. Enright have not appealed. The appeal is prosecuted by the Farmers Bank of Frankfort and George D. and Christiana Kuhns, who became interested in said land during the pendency of the appeal to the Supreme Court from the first judgment rendered in this cause, and who were first made parties to this action by the supplemental complaint filed after the first judgment had been reversed.

The only error assigned and discussed which affects the appellee the First National Bank is that the trial court erred in overruling the motion for a new trial. The causes assigned in the motion for a new trial, and discussed by counsel for appellants, are that the decision of the court is contrary to law, and that such decision is not sustained by sufficient evidence. John Enright, as late as the 24th day of March, 1896, owned 400 acres of land in Clinton county, Indiana, at least up to that time the records of Clinton county did not show any transfers by him of any part of said land. He had owned and been in possession of it

for more than twenty-two years.   At the last named date he was heavily in debt.   On March 24, 1896, a deed was recorded from John Enright to his daughter Mary A. Johnson, which purported to have been signed and acknowledged by him alone on November 27, 1895, conveying 140 acres of the 400 acres, and for the expressed consideration of $7,000.   On March 25, 1896, John Enright,—his wife Ann joining him,—executed a deed to his said daughter Mary for the same 140 acres of land, in which the consideration expressed was "$1 and love and affection."   This last deed was recorded March 25, 1896.   On November 22, 1895, John Enright executed a deed of conveyance to his daughter Susan Garrison for sixty acres of land, which deed was not recorded until March 25, 1896.   These deeds to his two daughters cover 200 acres of the 400 acres owned by him in Clinton county, and it is admitted by both John Enright and his wife, Ann, that the conveyances were simply gifts to their daughters.   On the 25th day of March, 1896, John Enright conveyed the remaining 200 acres of the 400 acres owned by him in Clinton county to his wife, Ann Enright, for the expressed consideration of $6,800. This deed was not recorded until the 6th day of May, 1896. No money was paid to John Enright by Ann Enright at the time the conveyance was made,  and no promise was made to pay.   On the 2d day of June, 1896, Ann Enright and John Enright, her husband, conveyed by deed to Levi H. Enright, their son, 120 acres of the 200 acres theretofore conveyed to Ann Enright by her husband, John Enright.   The deed to Levi is shown by the evidence to have been a gift.   All the parties liable for the debts to appellee the First National Bank became wholly insolvent. Much evidence was introduced upon the trial tending both to support and overthrow the averments of fraud in the transfer of the 200 acres to Ann Enright by her husband, and this is, in fact, the only question in this appeal.

We have closely examined all the evidence, and think the trial court did not err in this respect in its finding and judgment. It is not contended that Ann Enright paid for this land conveyed to her, and that the title was taken in her husband's name in trust for her without her knowledge or consent. She knew that the title was in her husband's name, and knew that it was properly in his name. The claim is that John Enright owed his wife $6,800, and conveyed the land to her in satisfaction of the debt. The evidence as to every item of the alleged indebtedness to his wife, except the amount which was protected to her by the judgment, is conflicting and unsatisfactory. The trial court might have found either for or against her upon the evidence in this regard.

On the former appeal of this cause to the Supreme Court (*First Nat. Bank* v. *Smith,* 149 Ind. 443), that court, at page 446, said: "The evidence shows that the land was held in John Enright's name for nearly twenty-two years before he conveyed it to his wife, and that there was no consideration then paid to him for the deed to her. She even testified that she was not present when the deed to her was executed, and that she did not know anything about her husband having executed a deed to her until he handed it to her. In the light of this testimony, the deed to Ann Enright would look very much like a voluntary conveyance. If the deed to Ann Enright was fraudulent as to her, then the deed by her and her husband to their son Levi was confessedly fraudulent also, and that as to all parties, for it is admitted that there was no consideration whatever for the deed to him."

We think the same can be said with equal force as applicable to the evidence before us, adduced upon the second trial. And this brings us to the second part of the controversy. If the deed from Ann Enright and husband to Levi was confessedly fraudulent, then the deeds from Levi and wife to appellant the Farmers Bank of Frankfort,

and from the Farmers Bank of Frankfort to the Kuhns were fraudulent, provided they had notice of the fraud of the Enrights; and if appellants had notice of the pendency of the action affecting the title to the real estate in controversy, they must abide the judgment rendered in such action. The Farmers Bank of Frankfort knew of the fraud of the Enrights, because they had prosecuted an action similar to this in the circuit court of Clinton county against the Enrights, in which the fraud was directly charged in their complaint, and this complaint was introduced in evidence in this cause.    The appellants, Kuhns and Kuhns, had actual notice from information given them by David A. Coulter, and the matter was discussed by them with him as to whether or not there would be danger in purchasing the land conveyed by Levi II. Enright to the Farmers Bank of Frankfort during the pendency of the appeal in the Supreme Court.

By the *lis pendens* all persons were notified to beware of the title to the property in litigation.    The doctrine of *lis pendens* is based on public policy and the necessity of giving effect to the proceedings of the court.    Without it, the administration of justice might always be defeated by successive alienations of the property in litigation. *Arrington* v. *Arrington,* 114 N. C. 151; *Watson* v. *Wilson,* 32 Ky. 406, 26 Am. Dec. 459; *Turner* v. *Babb,* 60 Mo. 342; *Lamont* v. *Cheshire,* 65 N. Y. 30.

The purchaser of property in litigation must take it subject to the final judgment of the court in the cause in which the question of title is being litigated.    Appellees' *lis pendens* was filed upon the day the action was commenced. It complied with our statute in every particular.    It was notice to all the world from the date of its filing until the final determination of the action that the title to the property therein described was in dispute, and that any purchaser must abide the judgment of the court.    And one purchasing real estate after judgment rendered in the trial

court becomes a purchaser *pendente lite,* and takes the chances incident to an appeal, since an appeal is not the commencement of a new action, but the prosecution of the same action in a higher court. These are settled rules of law founded in reason, and universally recognized and upheld by all the courts of this country. Appellants were not good-faith purchasers without notice. They took a conveyance of the land in controversy, knowing that the title in their grantor was disputed, and might, in a pending action, be held invalid. We think the judgment of the trial court ought to be in all things affirmed.

Judgment affirmed.