**STATE of Indiana ex rel. Steve C. FA-DELL, Camelot Estates, Inc., an Indiana corporation, and Camelot Manor, Inc., an Indiana corporation, Relators,**

v.

**The PORTER SUPERIOR COURT and the Honorable Roger V. Bradford, as Judge Thereof, Respondents.**

No. 1284S487.

Supreme Court of Indiana.

March 21, 1985.

Joe C. Emerson, James M. Carr, Joseph H. Yeager, Jr., Baker & Daniels, Indianapolis, for relators.

Steven W. Handlon, Rice, Rice & Handlon, P.C., Portage, for respondent.

GIVAN, Chief Justice.

Relators sought a Writ of Mandamus to compel the respondent court to exercise jurisdiction to hear and determine their motion for relief from a post-judgment notice of lis pendens. Following oral presentation of the petition for the writ on December 11, 1984, this Court voted unanimously to deny the petition. Upon relators' election to file the petition and the related papers with the Clerk of this Court, we now affirm denial of the petition.

Relators own three parcels of real estate which together comprise two mobile home parks in Porter County, Indiana. On September 7, 1983, Goldman Properties, Ltd., an Illinois corporation, filed an action against relators in the respondent court seeking specific performance of a contract for the sale of relators' property. At that time Goldman filed a statutory notice of lis pendens.

On September 10, 1984, the court granted relators' motion for summary judgment and ordered the release of the lis pendens notice. One month later Goldman filed a second lis pendens notice indicating an intent to appeal from the judgment entered against it. An amended post-judgment lis pendens notice was filed by Goldman on November 1.

On October 23 relators filed a motion for relief from lis pendens which alleged that they had entered into an agreement on October 15 to sell the real estate. The motion further alleged that because Goldman's post-judgment lis pendens notice had the effect of a "lien and a cloud upon title to the property" the prospective sale was jeopardized. Relators moved the court to order Goldman to post a bond and, if Goldman did not do so, to order the release of the second lis pendens notice.

Goldman then filed on November 8 a memorandum objecting to the court's jurisdiction to order the release of the notice. On November 19 Goldman requested the court not to proceed with the evidentiary hearing on relators' motion for relief scheduled for that day. Following the hearing, the court granted Goldman's motion. Relators' subsequent motion to reconsider was denied.

Relators present the issue of "whether a trial court has a duty (i.e., jurisdiction) to hear and determine a landowner's post-judgment motion seeking relief or protection from the operational effects of a post-judgment lis pendens notice." There is a conflict in the parties' interpretation of the

court's November 19 ruling, as to whether the court refused to hear relators' motion or whether the court determined it did not have authority to grant the relief requested by relators. Regardless of which interpretation is correct, the circumstances of this case do not reveal the failure of the respondent court to perform a clear legal duty.

 Mandamus will lie only to force an official to perform a clear legal duty or to grant an unquestioned right to relief. *State ex rel. Drost v. Newton Superior Court* (1981), 275 Ind. 297, 416 N.E.2d 1247; *State ex rel. Burns v. Sharp* (1979), 271 Ind. 344, 393 N.E.2d 127. An action for mandate cannot be employed to adjudicate and establish a right or to define and impose a duty. *State ex rel. Drost, supra; State ex rel. Rainey v. Bd. of Trustees of Ind. St. Teachers' Retirement Fund* (1964), 245 Ind. 693, 201 N.E.2d 564.

Relators requested the respondent court to exercise its "inherent equitable power" to indemnify them against the "operational effects" of the second lis pendens notice. We find no authority in the statutes, trial rules or case law granting relators the right to a bond or to the release of the lis pendens notice prior to the final determination of the action instituted by Goldman. We note that the prospective purchaser in the sale which relators alleged was jeopardized had actual knowledge of the pendency of Goldman's appeal, and further that any purchaser of relators' property would take subject to reversal of the summary judgment. *See Attica Building & Loan Ass'n. v. Colvert* (1939), 216 Ind. 192, 23 N.E.2d 483; *Farmers' Bank v. First Nat. Bank* (1903), 30 Ind.App. 520, 66 N.E. 503; *see also* Ind.Code § 34-1-4-6 (lis pendens notice released upon final determination of action).

 Even assuming that the respondent court refused to entertain the motion for relief, as contended by relators, we will not compel the court to conduct a hearing to determine relief it is not clearly authorized nor compelled to grant. As there was no clear duty imposed on the court to grant the requested relief, and no unquestioned right of relators to receive such relief, a writ of mandamus will not lie. *State ex rel. Drost, supra; State ex rel. Burns, supra.*

The petition for Writ of Mandamus is denied.

All Justices concur.