**Glenn BUTLER, et al., Relators–Appellants,**

v.

**Steven R. HEFFELMIRE, et al., Petitioners–Appellees.**

No. 15A01–8909–CV–344.

Court of Appeals of Indiana, First District.

Jan. 25, 1990.

Vincent S. Taylor, Taylor, Hoff & Bauer, Bloomington, for relators-appellants.

Steven M. Bush, Lawrenceburg, for petitioners-appellees.

RATLIFF, Chief Judge.

STATEMENT OF THE CASE

Members of the Dearborn, Indiana County Council (County Council) appeal the Dearborn County Circuit Court's grant of a petition for mandate brought by the Dearborn County Police Department (Police Department) requiring the County Council to fund a county police retirement plan and separate benefit plan under Ind.Code 36–8–10–12 *et seq.* We affirm.

---

## FACTS

The Police Department has enjoyed pension coverage under the state administered Public Employee Retirement Fund (PERF) since January 1, 1975. In November of 1987, the Police Department presented the County Council with a document entitled, "Dearborn County Police Benefit Plan" (the Plan). On December 2, 1987, the Police Department wrote to the County Council and stated that it would request funding for the Plan as early as possible in 1988, and that the Plan was to replace the current PERF coverage.

The Plan documents were formally executed on December 1, 1988. The Plan was prepared pursuant to the provisions contained in IC 36-8-10-12 through IC 36-8-10-17, and called for two separate plans. The first was a pension plan which would replace the current PERF coverage. The second was a benefit plan which provided a pension for dependents, life insurance, and insured disability. The cost of the Plan was approximately 21.1% of the covered payroll; that is, for every $1,000.00 of payroll, an additional $210.00 would be paid into the Plan. Of this 21.1%, 18.2% was for the pension plan, and 2.9% was for the benefit plan. Of the approximately eighty (80) counties in Indiana that have adopted a pension and benefit plan pursuant to IC 36-8-10-12 et seq., forty (40) or more are identical to the Plan proposed by the Police Department.

The County Council denied the Police Department's request to fund the Plan at the 1988 appropriations meeting. The Police Department filed its petition for mandate on September 20, 1988, seeking to require the County to fund the proposed Plan. On April 26, 1989, a trial was held and the trial court issued an order of mandate on May 4, 1989, requiring the County Council to approve and fund the Plan as submitted by the Police Department. This appeal followed.

## ISSUES

The County Council raises two (2) issues for our review, which we have restated as follows:

1. Did the trial court err in mandating the County Council under IC 36-8-10-12 to fund the pension plan proposed by the Police Department?

2. Did the trial court err in mandating the County Council under IC 36-8-10-14 through 36-8-10-17 to fund the benefit plan proposed by the Police Department?

## DISCUSSION AND DECISION

This is a mandate action; as such, it cannot be used to adjudicate and establish a right or to define and impose a duty. *State ex rel. Fodell v. Porter Superior Court* (1985), Ind., 475 N.E.2d 310, 312; *Pastrick v. Geneva Township of Jennings County* (1985), Ind.App., 474 N.E.2d 1018, 1023. One who requests a mandate must have a clear and unquestioned legal right to the relief sought, and must show that the respondent has an absolute duty to perform the act demanded. *State ex rel. Goldsmith v. Superior Court of Marion County, Criminal Division, Room Number Four* (1984), Ind., 463 N.E.2d 273, 275; *Moore v. Smith* (1979), 181 Ind.App. 81, 84, 390 N.E.2d 1052, 1054.

### Issue One

The County Council argues that the trial court erred in mandating them to fund the pension plan requested by the Police Department. It asserts that IC 36-8-10-12 should not be read as requiring county councils to allocate funds for a county police officer's pension trust fund. In the alternative, the County Council urges this court to hold that although the statute does require county councils to fund a plan, it does not allow the beneficiaries of the plan the right unilaterally to set the plan's terms and conditions.

We reject both of the County Council's arguments. The relevant portions of IC 36-8-10-12 are as follows:

"(a) The department and a trustee may establish and operate an actuarially sound pension trust as a retirement plan for the exclusive benefit of the employee beneficiaries.

\* \* \* \* \* \*

"(c) Joint contributions shall be made to the trust fund by the department through a general appropriation provided the department and by an employee beneficiary through authorized monthly deductions from his salary or wages."

The only case authority construing this statute is *Sharton v. Slack* (1982), Ind. App., 433 N.E.2d 856. In *Sharton*, the court discussed at length whether the term "shall" in IC 17-3-14-11, the predecessor of IC 36-8-10-12(c), was to be used in a mandatory or discretionary sense.[1] The court concluded that "police agencies can establish pension trusts and county councils must appropriate the funds if an actuarially sound plan is presented." *Id.* at 860.

We find this language to be dispositive, and hold that IC 36-8-10-12 clearly gives the Police Department the right to adopt an actuarially sound pension trust plan and to have the County Council fund it. The record before us indicates that the pension plan proposed by the Police Department is indeed actuarially sound, and thus the Police Department had the right to have it funded by the County Council. The trial court did not err in mandating the County Council to fund the pension plan.[2]

*Issue Two*

The County Council next argues that even if it is required under IC 36-8-10-12 to fund the pension plan proposed by the Police Department, the trial court erred in mandating the County Council to fund the benefit plan proposed by the Police Department which included a pension for beneficiaries, life insurance, and insured disability benefits. Statutory authority for these benefit plans can be found in IC 36-8-10-14 through -16. Unlike the pension trust,

---

1. IC 17-3-14-11 provided as follows:
   "Authority is hereby granted to the [sheriff's] department to establish and operate an actuarially sound pension trust as hereinbefore defined, and to make the necessary annual contribution in order to prevent any deterioration in the actuarial status of the trust fund. Contributions by the department shall be provided in the general appropriation to the department."
   The *Sharton* court noted that "[a]lthough all of Chapter 14 was repealed in 1981, the legislature has seen fit to preserve these benefits for county police officers in new Title 36." 433 N.E.2d at 858 (footnote omitted).

2. In its brief, the County Council places great emphasis on the fact that IC 36-8-10-12 recently has been amended. The statute now provides, in pertinent part:
   "(a) The department and a trustee may establish and operate an actuarially sound pension trust as a retirement plan for the exclusive benefit of the employee beneficiaries. However, a department and a trustee may not establish or modify a retirement plan after June 30, 1989, without the approval of the county fiscal body which shall not reduce or diminish any benefits of the employee beneficiaries set forth in any retirement plan that was in effect on January 1, 1989.

   .     .     .     .     .

   "(c) Joint contributions shall be made to the trust fund by the department through a general appropriation provided the department and by an employee beneficiary through authorized monthly deductions from his salary or wages. However, the employer may pay all or a part of the contribution for the employee beneficiary.

   Contributions through a general appropriation are not required for plans established or modifications adopted after June 30, 1989, unless the establishment or modification is approved by the county fiscal body."
   The County Council contends that "the statute was amended because of the construction put on it by *Sharton* and how *Sharton* has been used by some county police departments to singlehandedly set the terms and conditions of their pension plans regardless of the costs to the county." Appellant's brief at 12. The County Council asserts that the amendment supports their claim that IC 36-8-10-12, as it existed in 1988, was intended to allow county councils discretion when funding police retirement plans.
   We do not agree. The amendment clearly states that county council approval is required only on plans established or modified after June 30, 1989, and thus has no relevance in the present case.
   The County Council also questions whether the Police Department could adopt a new pension plan while they still enjoyed coverage under PERF. Neither IC 36-8-10-12 *et seq.* nor *Sharton* addresses this issue. However, in 1963, the Indiana Attorney General stated that "persons who are members of [PERF] as deputy sheriffs are entitled to consider themselves withdrawn from service covered by such fund upon establishment of a pension trust by the sheriff's department of any county which adopts the Acts of 1961, ch. 285...." 1963 OP.IND.ATT'Y GEN. No. 33. We agree with this statement, and hold that a police department may adopt a pension plan under IC 36-8-10-12 even though it currently enjoys coverage under PERF.

**1220**

however, these three benefit plans may be funded either by the creation of a reserve account, by obtaining group life insurance, or both. IC 36–8–10–14(a); IC 36–8–10–15(a); IC 36–8–10–16(a). These benefit plans may be operated as one fund under the terms of a supplementary trust agreement, and "contributions by the department [to the police benefit fund] shall be provided in the general appropriations to the department." IC 36–8–10–17(e).

The issue of whether county councils are required to fund these three additional benefit plans was not raised by the parties in *Sharton.* However, the court did indicate that had the issue been before the court, it would have been held that the county council was required to fund the life insurance, disability benefit, and dependent's pension plans as well as the police pension trust plan. *Sharton,* 433 N.E.2d at 858, note 2.

We choose to follow the dicta in *Sharton.* The benefit plans presented to the County Council were to be funded by the same trust fund as that used to fund the pension trust plan, and there was no indication that the benefit plans did not otherwise comply with the provisions in IC 36–8–10–14 through –17. We therefore hold that the trial court correctly mandated the County Council to fund the benefit plans. The question of whether or not the County Council would have been required to fund similar benefit plans through the purchase of group insurance is not before this court, and thus we need not answer it now.[3]

Affirmed.

BAKER and BUCHANAN, JJ., concur.

**3.** We note that the recent amendments to IC 36–8–10–14 through –17 provide that departments may not establish or modify these benefit plans after June 30, 1989, without the approval of the county fiscal body, and the county fiscal body may not reduce or diminish any benefits set forth in any benefit plan that was in effect on January 1, 1989. In addition, IC 36–8–10–17(e) now provides:

"Contributions by the department shall be provided in the general appropriations to the department. However, these contributions are not required for plans established or modifications adopted after June 30, 1989, under sections 14 through 16 of this chapter unless the establishment or modification is approved by the county fiscal body."