STATE of Indiana, ex rel. J.A.W., Appellant–Petitioner Below,

v.

INDIANA JUVENILE PAROLE COMMITTEE, et al., Appellees– Respondents Below.

No. 55A05–9101–CV–14 [1].

Court of Appeals of Indiana, Third District.

Nov. 27, 1991.

---

1. This case was diverted to this office by order of the Chief Judge.

Kenneth J. Falk and Lisa R. Hayes, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen. of Indiana and David A. Arthur, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellees-respondents.

STATON, Judge.

J.A.W. (relator), a minor currently housed at the Indiana Boys School, appeals the denial of his petition for mandate seeking to compel the Indiana Juvenile Parole Committee (Committee) to perform its statutory duties and grant his parole request. Specifically, relator alleges that the Commissioner of the Indiana Department of Corrections (DOC) improperly insinuated himself into the parole proceeding, preventing the Committee from relying solely on the criteria specified by statute.

We conclude that relator was not entitled to mandate. Accordingly, the judgment is affirmed.

Following relator's admission to charges of theft, forgery and obstruction of justice in 1986, relator was adjudged a delinquent child and committed to the Boys School. The obstruction of justice charge stemmed from a murder investigation in Allen County, Indiana, in which relator initially refused to cooperate, but ultimately testified against the defendant later convicted of the crime. Because of the serious nature of the offense, it was recommended that relator remain at the Boys School until he reached the age of twenty-one (in March of 1992).

Since his confinement to the Boys School in 1986, relator made progress improving his behavior, and participated in a work study program earning positive reviews from his employers. Because of relator's progress, staff members at the Boys School recommended that he be paroled. Relator was scheduled to make an appearance before the Parole Committee in September of 1989. Prior to that date, the

Boys School superintendent wrote to the DOC Director of Adult Institutions, advising him of the upcoming hearing and of the recommendation for parole. The DOC Senior Deputy Commissioner responded to the letter, stating that it was the opinion of the DOC that relator should not be released.

Shortly thereafter, members of the Boys School staff met with DOC Commissioner James Aiken (Commissioner) to discuss relator's parole. After the meeting, the Commissioner followed up with a letter, dated October 23, 1989, in which he reviewed the criteria for parole, and expressed his opinion that relator should not yet be released. Relator's parole was reviewed on October 24, where the Committee took a "no action" vote resulting in the denial of parole. The Committee Chairman cited the Commissioner's letter as the basis for the decision. But for the Commissioner's opinions in the matter, a majority of the Committee members would have granted parole. Relator was again before the Committee in July of 1990 for parole review, and the Committee again took "no action."

Relator filed his petition for mandate, claiming that Indiana law and agency regulations do not permit the Committee's reliance on matters other than the specified criteria nor the Commissioner's involvement in the juvenile parole process. The trial court disagreed, and on its own motion made findings and conclusions in support of its determination that relator was not entitled to mandate.

■ When a trial court enters complete findings and conclusions *sua sponte,* we will view the case as one decided on a general judgment as to any issue upon which the court has not expressly found, and we will affirm the general judgment upon any legal theory supported by the evidence. *Vanderburgh County Board of Commissioners v. Rittenhouse* (1991), 575 N.E.2d 663, 666, *trans. pending; United Farm Bureau Mutual Insurance Co. v. Blanton* (1983), Ind.App., 457 N.E.2d 609. Special findings control only as to those issues which they cover, and will not be set aside on appeal unless they are clearly erroneous. *Blanton, supra,* at 611.

■ We also observe that a party seeking mandate carries a heavy burden at trial. Mandate is an extraordinary remedy, expressly provided for by statute, which may be prosecuted against a public officer to compel performance of any act which the law specifically enjoins or any duty resulting from any office, trust, or station. IND.CODE 34-1-58-1 (1988); *City of Wabash v. Wabash County Sheriff's Department* (1990), Ind.App., 562 N.E.2d 1299. A party requesting mandate must have a clear and unquestioned legal right to the relief sought, and must show that the respondent has an absolute duty to perform the act demanded. *Butler v. Heffelmire* (1990), Ind.App., 548 N.E.2d 1217. Moreover, where an adequate remedy at law is available, the extraordinary remedy of mandate should not be imposed to compel performance of an act. *Whitney v. Board of School Trustees of DeKalb County Eastern Community School District* (1981), Ind.App., 416 N.E.2d 1289.

■ The statutes pertaining to the parole of juvenile offenders, and the administrative rules promulgated thereunder, do not provide for review from the denial of parole. The Administrative Orders and Procedures Act does not authorize judicial review of an agency action related to an offender within the jurisdiction of the department of correction. IC 4-21.5-2-5(6); *see also Young v. Duckworth* (1980), 274 Ind. 59, 408 N.E.2d 1253. Therefore, we are satisfied that relator had no adequate remedy at law.

■ We are likewise convinced that the Committee was obligated to follow a certain procedure in considering relator for parole. This procedure, authorized by IC 11-13-6-2, was adopted and promulgated at 210 IAC 5-1-1 *et seq.* In particular, the Administrative Code establishes three factors for determining an offender's suitability for parole. The Committee must consider: the offender's adjustment to the correctional institution, the offender's past offense record, and the nature of the offense for which the offender was committed. 210 IAC 5-1-2(b).

Relator argues that, by considering the contents of the Commissioner's letter, the Committee violated its obligation to consider only the above criteria. The trial court concluded that there was no improper action because the Commissioner retains authority to review and overturn the Committee's decision, and because the Commissioner explicitly reserved authority for approving the requirements establishing an offender's eligibility for release.

However, in order for this court to reach the merits of these arguments, we must assume that the Commissioner somehow prevented the Committee from following the rules enacted for the parole of juvenile offenders. We reject this assumption as not supported by the evidence.

The letter from the Commissioner is clearly comprised of opinion, and is not expressed in terms of a directive to the Committee. In the letter, the Commissioner stated his belief that, based on the three criteria in the administrative code, parole would not be appropriate at that time. The letter did not mandate the denial of parole, nor did it rely on factors other than those established pursuant to state law.

After the Committee denied parole, Committee Chairman Ronald Leffler informed relator that "[t]he decision was based on the letter presented from Commissioner Aiken." Record, p. 35. The Committee was not precluded from giving deference to the Commissioner's opinions. Indeed, the Committee apparently sought the Commissioner's views, having arranged a meeting with him to discuss relator's case. Although relator urges us to find that the Commissioner ordered the Committee to deny parole, it would be mere speculation at this point to do so. We cannot conclude that the Commissioner's actions operated to thwart the juvenile parole process.

Furthermore, there is no merit to the claim that the Commissioner made the decision to deny parole. The Committee, after reviewing the evidence that included the letter from the Commissioner, met and took "no action" on relator's parole review.

The Committee met nine months later and took the same action.

Because the Committee made its decision based on the Commissioner's opinions, which were in turn addressed to the criteria adopted by the DOC, we find that the Committee acted in accordance with its duties. Relator has made no showing whatsoever that the Committee relied on anything other than the duly promulgated criteria. Lacking a "clear and unquestioned legal right to the relief sought," relator was not entitled to mandate. *See Butler, supra,* at 1218. The judgment is affirmed.

SHIELDS and MILLER, JJ., concur.