STATE of Indiana, ex rel. J.A.W., Appellant–Petitioner Below,

v.

INDIANA JUVENILE PAROLE COMMITTEE, et al., Appellee–Respondents Below.

No. 55A05–9101–CV–14.

Court of Appeals of Indiana, Third District.

Feb. 11, 1992.

Kenneth J. Falk, Lisa R. Hayes, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant-petitioner below.

Linley E. Pearson, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for appellee-respondents below.

STATON, Judge.

## ON PETITION FOR REHEARING

J.A.W. (relator) petitions this court for rehearing from its decision in this matter handed down November 27, 1991, affirming the trial court's denial of relator's petition for mandate. *See* 581 N.E.2d 989. Relator sought mandate to compel the Indiana Juvenile Parole Committee (Committee) to perform its statutory duties and grant his parole request. This court concluded that relator had not demonstrated a clear and unquestioned legal right to the relief sought. Relator now challenges this conclusion, claiming that this court failed to employ the correct standard of review.

■ In our original opinion, we articulated the standard of review for findings and conclusions when made *sua sponte* by the trial court. *Id.* at 991. However, relator contends, for the first time in this petition, that he in fact requested special findings and conclusions pursuant to Ind.Trial Rule 52. Our review of relator's original brief and reply brief reveals that there is no reference to a request for findings and conclusions under T.R. 52, nor did the relator propose that this court apply any particular standard of review. On rehearing, however, relator identifies two instances where the request for findings and conclusions may be found in the record. One such request may be found in a portion of the trial court's judgment, a portion relator omitted from his appellate brief. Pursuant to Ind. Appellate Rule 8.3(A)(4), the statement of the case in the appellant's brief must contain a verbatim statement of the judgment. Relator included only the trial court's conclusions of law in his appellate brief. Even though relator has waived this argument by failing to include it in his original and reply briefs, the contention that we based our opinion on an erroneous standard is without merit.

■ As stated in our opinion, we did not reach the merits of relator's arguments because they rested on a mere assumption that the Commissioner of the Indiana Department of Corrections prevented the Committee from relying on the appropriate criteria for the parole of a juvenile offender. *Id.* at 992. Thus, rather than reviewing the trial court decision in light of the factual findings and conclusions, we applied the test for mandate petitions, which we repeat here:

> Mandate is an extraordinary remedy, expressly provided for by statute, which may be prosecuted against a public officer to compel performance of any act which the law specifically enjoins or any duty resulting from any office, trust, or station. IND.CODE 34–1–58–1 (1988); *City of Wabash v. Wabash County Sheriff's Department* (1990), Ind.App., 562 N.E.2d 1299. *A party requesting mandate must have a clear and unquestioned legal right to the relief sought, and must show that the respondent has an absolute duty to perform the act demanded. Butler v. Heffelmire* (1990), Ind.App., 548 N.E.2d 1217.

*Id.* at 991 (emphasis added).

Finding no "clear and unquestioned legal right to the relief sought," we had no choice but to affirm the trial court. *See id.* at 992.

Relator's petition for rehearing is denied.

MILLER, J., concurs.

SHIELDS, J., concurs in result without opinion.